Mary MARINO and Thomas Marino,
Plaintiffs, Appellants,

v.

HYATT CORPORATION,
Defendant, Appellee.

No. 85–1905.

United States Court of Appeals,
First Circuit.

Argued April 9, 1986.

Decided June 16, 1986.

Lois L. Siegel, with whom Pamela S. Schwartz, Laurence, Mass., was on brief, for plaintiffs, appellants.

Paul S. Grand, with whom Paul W. Goodrich, Carol A. Griffin and Morrison, Mahoney & Miller, Boston, Mass., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, and COFFIN and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Plaintiffs-appellants Mary and Thomas Marino appeal from an order of the United States District Court for the District of Massachusetts dismissing their complaint for lack of personal jurisdiction over defendant-appellee Hyatt Corporation. We affirm.

### I.

The complaint alleges, in substance, as follows. Plaintiffs are Massachusetts residents and defendant Hyatt is a Delaware corporation with its principal place of business in Chicago, Illinois. In the spring and summer of 1982, plaintiffs made reservations and contracted to stay at defendant's Hyatt Regency Hotel in Maui, Hawaii, through the Rite Way Travel Agency in Methuen, Massachusetts. In July of 1982, plaintiffs traveled to Maui, where they took up lodgings at the Hyatt Regency. On or about July 21, 1982, Mary Marino was injured when she slipped and fell in the bathtub of the hotel room she was sharing with her husband.

Plaintiffs brought this action for damages in the Superior Court for Essex County, Massachusetts, in a complaint dated July 10, 1985. On August 7, 1985, Hyatt removed the case to the United States District Court for the District of Massachusetts. On August 12, Hyatt moved to dismiss for lack of personal jurisdiction over it. The district court granted Hyatt's motion on October 17, 1985, and this appeal followed.

### II.

The central issue on this appeal is whether the district court erred in deciding that it lacked personal jurisdiction over defendant Hyatt under the Massachusetts long-arm statute, Mass.Gen.Laws ch. 223A, § 3(a) (1984).[1] Section 3 provides in relevant part,

---

1. Plaintiffs have abandoned their argument, made in the district court, that Mass.Gen.Laws

*Transactions or conduct for personal jurisdiction*

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth; ....

There seems little doubt that Hyatt, a foreign corporation headquartered in Chicago, "transact[s] ... business in th[e] commonwealth" within the meaning of section 3(a). The complaint alleges, and Hyatt does not dispute, that among the hotels Hyatt owns and operates is one in Cambridge, Massachusetts, and that Hyatt regularly advertises and solicits, business within the Commonwealth. *See, e.g., Bond Leather Co. v. Q.T. Shoe Manufacturing Co.,* 764 F.2d 928, 932 (1st Cir.1985); *Ross v. Ross,* 371 Mass. 439, 441, 358 N.E.2d 437, 439 (1976).[2]

But it is not enough for the purposes of section 3(a) that a defendant transact business in Massachusetts. The cause of action itself must "aris[e] from" the defendant's transacting of business in Massachusetts. We find no merit in plaintiffs' argument that this court, in effect, read the "arising from" language out of the statute by our decision in *Nova Biomedical Corp. v. Moller,* 629 F.2d 190 (1st Cir.1980). That

case merely held that the "arising from" requirement was not essential to a finding that the assertion of personal jurisdiction over a defendant comported with due process. *Id.* at 193 n. 3. The correct principle of Massachusetts law remains, as we most recently stated in *Gray v. O'Brien,* 777 F.2d 864 (1st Cir.1985),

Although the "transacting of any business" clause should be construed broadly "and applies to any purposeful acts by an individual, whether personal, private, or commercial," ... the exercise of jurisdiction under the Massachusetts long-arm statute will nonetheless fail if the cause of action did not arise from defendant's transaction of business in Massachusetts.

*Id.* at 867 (citations omitted). Here, therefore, it must be shown not merely that Hyatt engages in business within Massachusetts but that plaintiffs' personal injury claims, based on Mrs. Marino's slip and fall in the bathtub of the Hyatt hotel in Maui, Hawaii, arose from one or more of Hyatt's business transactions within Massachusetts. *See Good Hope Industries, Inc. v. Ryder Scott Co.,* 378 Mass. 1, 10 n. 17, 389 N.E.2d 76, 82 n. 17 (1979).

To make such a showing, plaintiffs rely exclusively on facts alleged in their complaint.[3] They allege there that, prior to

---

ch. 223A, § 3(b) (1984) provides a basis for personal jurisdiction over Hyatt.

**2.** Because of Hyatt's business activities in Massachusetts, there may well have been personal jurisdiction had service of process been made in accordance with Mass.Gen.Laws ch. 223, § 38 (1984). *See Howse v. Zimmer Manufacturing Co.,* 757 F.2d 448, 451–52 (1st Cir.1985). Section 38 provides that

[i]n an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of [Mass.Gen.Laws ch. 223, § 37 (1984) ].∴.

Section 37, which relates to service on domestic corporations, allows, *inter alia,* service of process on a domestic corporation's "president, treasurer, clerk, resident agent ..., cashier, secretary, agent, or other officer in charge of its business." However, plaintiffs apparently did

not comply with the requirements of section 38; it appears from the record that they did not serve process on an officer or agent of Hyatt within the Commonwealth, but served process on Hyatt directly at its headquarters in Chicago. Plaintiffs make no argument that section 38 applies. We, therefore, limit our inquiry to whether personal jurisdiction was obtained by compliance with section 3(a) of Mass.Gen.Laws ch. 223A.

**3.** The complaint alleges in relevant part,

8. In Spring and Summer of 1982, the Defendant transacted business with the Plaintiffs, when the Plaintiffs made reservations in Defendant's hotel through a travel agent, Rite Way Travel Agency, a travel agency located in the Methuen, Mall [sic], Methuen, Massachusetts.

9. The Defendant, Hyatt Corporation, in Summer of 1982, at some time prior to July 21, 1982, entered into a contract with the Plaintiffs, while the Plaintiffs were in Massachusetts, contracting to supply services to the Plaintiffs, specifically, a contract to provide

Mrs. Marino's accident in Hawaii, they transacted business with Hyatt in Massachusetts by making reservations in its hotel (presumably the one in Hawaii) through a travel agent in Methuen, Massachusetts. They also allege, referring presumably to the same reservation transaction, that Hyatt "entered into a contract with the Plaintiffs, while the Plaintiffs were in Massachusetts, contracting to supply services to the Plaintiffs, specifically, a contract to provide the Plaintiffs with a room to stay in in its hotel in Maui, Hawaii."

Plaintiffs argue that these parts of the complaint indicate that their personal injury claims, stemming from Mrs. Marino's slipping in the bathtub at the Maui, Hawaii, Hyatt hotel, arose from the reservation contract entered into in Massachusetts. In making this argument, plaintiffs rely particularly on our decision in *Hahn v. Vermont Law School*, 698 F.2d 48 (1st Cir. 1983).[4] There Hahn, a Massachusetts resident, sued in the Massachusetts district court for declaratory and injunctive relief and damages for breach of contract against Vermont Law School, a Vermont corporation, and Thomas Ross, a teacher at the school, after Ross gave Hahn a failing grade. The district court declined to exercise jurisdiction over Vermont Law School under section 3(a) of the Massachusetts long-arm statute because, although the law school had transacted business in Massachusetts by sending recruiters into the Commonwealth, Hahn's cause of action did not arise out of this transaction of business, there being no indication that the recruiters had visited any Massachusetts colleges while Hahn was an undergraduate.

On appeal, this court reversed the district court's finding that there was no personal jurisdiction over Vermont Law School under section 3(a). We noted that the school had also transacted business in the Commonwealth when it mailed application information to Hahn in Massachusetts and then mailed him an offer of admission which he had accepted, because this activity resulted in the contractual relationship which formed the basis for Hahn's claim. We said,

> Although the Massachusetts courts have not defined the scope of the "arising from" requirement of the long-arm statute, we have no doubt that it has been satisfied when the cause of action is for an alleged breach of contract and the business transacted was instrumental in the formation of the contract. Any determination of whether VLS [Vermont Law School] has breached the contract will depend upon the terms of the contract, and such terms may include statements contained in the application information and acceptance letter VLS mailed to Hahn.... It does not require the expansive reading which we have noted other courts apply ... to find that this cause of action arose from the transaction of business in Massachusetts.

*Hahn*, 698 F.2d at 51 (citations omitted).

Plaintiffs argue that *Hahn* compels the assertion of personal jurisdiction over

---

the Plaintiffs with a room to stay in in its hotel in Maui, Hawaii.

10. At all pertinent times hereto, the Defendant, Hyatt Corporation, was transacting business with the Plaintiffs in this Commonwealth, via its dealings with the travel agency, Rite Way Travel.

11. The Defendant Hyatt Corporation and the Plaintiffs, by and through said travel agency, consumated [sic] their transaction in Massachusetts in the Summer of 1982, at a time prior to July 21, 1982.

Besides their complaint, plaintiffs submitted nothing else, by way of affidavit or otherwise, to show that their cause of action arose from Hyatt's transacting business in Massachusetts.

**4.** Plaintiffs also rely on *Campbell v. Frontier Fishing & Hunting Ltd.*, 10 Mass.App. 53, 405

N.E.2d 989 (1980). Although *Campbell* bears some factual resemblance to the case at bar, jurisdiction there was predicated on Mass.Gen. Laws ch. 223, § 38 (1984), *see* note 2, *supra,* not Mass.Gen.Laws ch. 223A, § 3 (1984), and the *Campbell* court itself suggested that the two statutes are susceptible of entirely different interpretations. In reversing the superior court's allowance of defendant's motion to dismiss for want of personal jurisdiction, the Massachusetts Appeals Court in *Campbell* held that the superior court had *erred* in making the existence of jurisdiction under chapter 223, section 38, dependent on the question of jurisdiction under chapter 223A, section 3. Thus, we find *Campbell* inapposite.

Hyatt in the case at bar, because their cause of action arises out of the contract they allegedly entered into in Massachusetts for their Hawaiian hotel room.[5] However, plaintiffs have not cited, and our research has failed to disclose, any Massachusetts or Hawaii cases [6] holding that, where a plaintiff is injured by the negligent failure of a hotel owner to maintain the premises in a reasonably safe condition, the plaintiff's action sounds in contract as well as in tort. *But cf. Bearse v. Fowler*, 347 Mass. 179, 180–81, 196 N.E.2d 910, 911 (1964) (sustaining directed verdict for defendant in "action of tort or contract" brought by motel guest allegedly injured by negligence of defendant without discussing plaintiff's contract theory).

The few cases we have found permitting a plaintiff to proceed in contract against a hotel owner for the infliction of personal injury all involve *intentional* interference with the hotel guest's right to the quiet enjoyment of his room, and are in this respect at least factually distinguishable from the case at bar. *See Crawford v. Hotel Essex Boston Corp.*, 143 F.Supp. 172 (D.Mass.1956) (hotel guest assaulted by house detective) (applying Massachusetts law); *McClean v. University Club*, 327 Mass. 68, 97 N.E.2d 174 (1951) (plaintiff removed from room in private club despite his request for medical attention); *Frewen v. Page*, 238 Mass. 499, 131 N.E. 475 (1921) (action in contract against hotel manager for assault, false imprisonment, and slander).

No case has been called to our attention, moreover, holding that the mere reserving of a hotel room not only promises a room on a given date but also creates, when made, whatever covenant pertaining to the safety of the premises may later come into existence after registration at the hotel and actual occupancy of a room. It seems most likely that it is when a guest checks in, signs the hotel register, makes satisfactory credit arrangements if any are required, and receives a definitely assigned room and a key, that any implied covenant pertaining to the safety of the occupied premises comes into being. Unlike the contract in *Hahn*, 698 F.2d 48, plaintiffs' advance reservation agreement with Hyatt would hardly be an important, or perhaps even a material, element of proof in their slip and fall case. We accordingly do not think that plaintiffs' personal injury claim against Hyatt can be said to "aris[e] from" that contract.

To accept plaintiffs' contrary argument would be to render the "arising from" requirement of the Massachusetts long-arm statute a virtual nullity. Plaintiffs have the burden of demonstrating that personal jurisdiction exists over Hyatt. *Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Attorneys at Law*, 787 F.2d 7, 8 (1st Cir. 1986). Vague allegations of having made reservations through a Massachusetts travel agent, and of Hyatt's having contracted in Massachusetts "to supply services to the Plaintiffs, specifically, a contract to provide the Plaintiffs with a room to stay in in its hotel in Maui, Hawaii" say no more than that the hotel agreed to hold a room for a particular time. If plaintiffs meant to allege more—for example, that Mrs. Marino's injuries were caused by the hotel's breach of some specific promise made to plaintiffs in Massachusetts—they should have so stated. We recognize that, in a case such as this, where the question of personal jurisdiction is submitted on the pleadings, plaintiffs' written allegations of jurisdictional facts are to be construed in their favor. *Kowalski*, 787 F.2d at 9. However, this does not relieve plaintiffs of the burden of making out a prima facie

5. The complaint is divided into three counts. Count one seeks damages for Hyatt's allegedly negligent creation and maintenance of a dangerous condition, count two seeks damages for Hyatt's alleged breach of a contractual duty to provide plaintiffs with safe accommodations, and count three seeks damages for loss of consortium.

6. We need not and do not decide whether, in characterizing a cause of action for the purposes of section 3(a), the Massachusetts courts would apply the law of Massachusetts or the *lex loci delicti.*

showing that jurisdiction exists, *id.* at 8, and we agree with the district court that plaintiffs here have failed to meet this burden.

We conclude that it would be a case of the tail wagging the dog to hold that plaintiffs' claims for personal injuries suffered in a Hawaii hotel "aris[e] from" their alleged Massachusetts contract with Hyatt making a hotel reservation. *See Pearrow v. National Life & Accident Insurance Co.*, 703 F.2d 1067 (8th Cir.1983) (plaintiff's cause of action in negligence did not arise out of foreign defendant's solicitation of business in Arkansas within meaning of Arkansas long-arm statute); *Krone v. AMI, Inc.*, 367 F.Supp. 1141 (E.D.Ark.1973) (plaintiff's cause of action for personal injuries against foreign hotel operator did not arise out of reservation contract made in forum state within meaning of Arkansas long-arm statute).

*Affirmed.*