Pino, J.
This case involves the application of M.G.L.c. 223A, § 3(a). The facts presented reveal that the defendant operates a hotel in San Diego, California and four other locations in the United States, none of which is located in the Commonwealth. The San Diego location was to be the site of the North American Contract Bridge Championships. The defendant placed advertisements in the “Contract Bridge Bulletin” advertising its rates, address and an “800” number. The plaintiff made reservations pursuant to the advertisement.
On November 16,1984, while a guest of the defendant, the plaintiff slipped, fell and was injured on the twenty third floor. Reports were filed and upon her return to Massachusetts, the plaintiff engaged counsel who entered into negotiations with the defendant. After the one year California Statute of Limitations had expired, the defendant denied liability. The plaintiff subsequently commenced this action in the courts of the Commonwealth seeking personal jurisdiction under the “Long Arm Statute.”
There can be no doubt that the statute in question was enacted to extend personal jurisdiction under certain circumstances. One of the first principles to be followed requires a determination as to whether or not the defendant was conducting business in a fashion that allows application of the statute.
From the facts of the case, the only activity of the defendant in the Commonwealth was the advertisement in the Bulletin. Our courts have already decided that such activity, alone, can not sustain application of the statute. Droukas v. Driver’s Training Academy, Inc., 375 Mass. 149 (1978).
The plaintiff attempts to add the settlement negotiations as a form of doing business by the defendant within the Commonwealth. This court rejects this position. Further, if there was any fraud or deceit by the defendant, that is an issue to be raised in California, not here.
The facts in this case, also, seem to be covered by the opinion of the First Circuit Court in Marino v. Hyatt Corp., 793 F. 2d 427 (1986). There, too, a hotel reservation, made in Massachusetts in response to an advertisement for accommodations in Hawaii, began the plaintiffs unfortunate journey which culminated in unsuccessful litigation. The Circuit Court, clearly, affirmed the principal that a foreign defendant must not only engage in business within the Commonwealth, but that the injury to the plaintiff arose out of one or more of the defendant’s transactions within Massachusetts. Gray v. O’Brien, 777 F2d 864 (1st Cir. 1986).
The report is dismissed.