**BUCTOUCHE FISH MARKET, LTD. and Seafare Specialty Products, Plaintiffs,**

v.

**CITY SEA FOODS, INC., and Z.B. Industries, Defendants.**

**Civ. A. No. 89–1391–MC.**

United States District Court, D. Massachusetts.

April 23, 1990.

Laura L. Carroll, Widett, Slater & Goldman, Boston, Mass., for plaintiffs.

Gary R. Greenberg, Goldstein & Manello, Boston, Mass., for City Sea Foods, Inc.

Steven E. Ernstoff, Boston, Mass., for Z.B. Industries.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

Plaintiffs Buctouche Fish Market Ltd. ("Buctouche") and Seafare Specialty Products ("Seafare") bring this action against defendants City Sea Foods, Inc. ("City"), and Z.B. Industries ("Z.B."), two California corporations, for breach of contract, failure to pay for goods sold and delivered, misappropriation of trade secrets, fraudulent misrepresentation, and interference with contractual and advantageous business relations. This dispute arises out of a June 18, 1988 agreement entered into in New Brunswick, Canada whereby Buctouche agreed to supply lobster specialty products to Z.B. for resale to City.

■ This matter comes before the Court on defendants' motions to dismiss alleging that they are not amenable to suit in Massachusetts pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. After the benefit of oral argument and careful review of the memoranda, defendants' motions to dismiss are denied.

This court is authorized to exercise jurisdiction over the defendants pursuant to the Massachusetts Long–Arm statute and the exercise of jurisdiction is consistent with due process. Massachusetts General Laws c. 223A § 3(a) provides that "a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's transacting any business in this commonwealth." Section 3(a) does not, however, require that the business transacted have taken place within the physical bounds of the Commonwealth. *Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 5–6, 389 N.E.2d 76 (1979).

John Blazevich, the president of Z.B., engaged in telephone calls to Donald Kenney, Seafare's president, in Massachusetts during the negotiation of the contract, implementation of the contract and discussions concerning defendant Z.B.'s refusal to pay for the lobster products. The cause of action arose from Z.B.'s transacting of business in Massachusetts because "the cause of action is for an alleged breach of contract and the business transacted was instrumental in the formation of the contract." *Marino v. Hyatt Corp.*, 793 F.2d 427, 429 (1st Cir.1986).

Defendant City also transacted business in the Commonwealth. Don Kanner, City's president, came to Massachusetts to purchase lobsters. The "arising from" requirement of section 3(a) is satisfied because Buctouche claims that these lobster purchases from other suppliers constituted

a breach of contract and a breach of City's covenant of good faith and fair dealing.

The exercise of jurisdiction over Z.B. and City is consistent with the due process requirements of the United States Constitution. A state may exercise *in personam* jurisdiction over nonresident defendants if there are minimum contacts with the forum state such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940). The Supreme Court has held that "where the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and the residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and ... it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985) (citations omitted).

Z.B. has sold a large quantity of seafood products during the past two years to customers in Massachusetts and has stored seafood products at a Massachusetts cold storage facility in Norwell, Massachusetts. Z.B. has also used Burrill's Express, a trucking company located in Sommerville, Massachusetts, to deliver Z.B. products to the storage facility and to customers in Massachusetts and New York. Defendant City has purchased large quantity of lobsters from Massachusetts suppliers and representatives from City have come to Massachusetts to meet with the lobster suppliers. Accordingly, this Court may exercise jurisdiction over defendants Z.B. and City.