Cynthia FOURNIER, Plaintiff,
Appellant,

v.

**BEST WESTERN TREASURE ISLAND RESORT, Defendant, Appellee.**

No. 91–2174.

United States Court of Appeals,
First Circuit.

Heard April 10, 1992.

Decided April 24, 1992.

Leslie E. Bloomenthal, with whom Elizabeth A. Gariepy, Boston, Mass., and Sisson, Bloomenthal & Allen, P.C. were on brief, for plaintiff, appellant.

Brian P. Harris, with whom James F. Murray and Madan and Madan, P.C., Boston, Mass., were on brief, for defendant, appellee.

Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and KEETON,* District Judge.

SELYA, Circuit Judge.

Plaintiff-appellant Cynthia Fournier, a Massachusetts resident, having contracted to spend her vacation at a Best Western resort in Grand Cayman Island, was struck by a motor boat and injured while snorkeling. Fournier sued two Best Western entities, Best Western International Inc. (BWI) and Best Western Treasure Island Resort (Resorts), in the United States District Court for the District of Massachusetts. Approximately eighteen months later, the district court dismissed the action. Fournier appeals. We affirm.

## I.

■ We first address a threshold issue that implicates the question of appellate jurisdiction. In the court below, Resorts moved to dismiss, claiming that the district court lacked *in personam* jurisdiction over it. The district court granted Resorts' motion.[1] Because no steps were taken suffi-

---

\* Of the District of Massachusetts, sitting by designation.

1. We note in passing that plaintiff failed affirmatively to allege an amount in controversy sufficient to confer subject matter jurisdiction on the

district court. Because the district court's order, on its merits, is impervious to the assault that plaintiff has mounted, *see infra* Part II, we do not probe this additional deficiency. *See Kotler v. American Tobacco Co.*, 926 F.2d 1217,

cient to permit an interlocutory appeal, we would not have appellate jurisdiction *if the case was still pending below against BWI. See* Fed.R.Civ.P. 54(b) (an order of dismissal that adjudicates "the rights and liabilities of fewer than all the parties" is not final and appealable unless certain specific requirements, not satisfied here, have been fulfilled).

The district court's judgment recites, however, that "th[e] action ... is dismissed." This is vitally important since "the district court speaks to [the court of appeals] primarily through its decrees." *Advance Fin. Corp. v. Isla Rica Sales, Inc.,* 747 F.2d 21, 26 (1st Cir.1984); *accord Lefkowitz v. Fair,* 816 F.2d 17, 22 (1st Cir.1987). The case file confirms this status; the docket plainly indicates that the entire case has been closed, *see* Docket Entry 27, and that the district court entered judgment for both BWI and Resorts, *see* Docket Entry 28. Thus, inasmuch as the lower court dismissed the *entire* action, not just the suit against Resorts, the judgment below possessed the requisite finality. We, therefore, have jurisdiction to entertain Fournier's appeal.

## II.

On appeal, appellant eschews any challenge to the judgment entered in BWI's favor. Rather, her appeal raises only one issue: whether the district court correctly dismissed her suit against Resorts for want of *in personam* jurisdiction. Accordingly, we consider only that issue. *See, e.g., United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.) (issues neither briefed nor argued are waived), *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990); *cf.* Fed.R.App.P. 3(c) (appellant's notice of appeal must designate the parts of the judgment from which the appeal is taken). BWI is not a party to this appeal, and we do not intend that our disposition of this appeal have any effect, in this court or elsewhere, as between the plaintiff and

BWI. We rule only on issues between plaintiff and Resorts.

### A.

■ In *Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.,* 945 F.2d 10 (1st Cir.1991), *cert. granted,* — U.S. —, 112 S.Ct. 1290, 117 L.Ed.2d 514 (1992), we ingeminated our long-established view "that in a multi-panel circuit, newly constituted panels are, by and large, bound by prior panel decisions closely in point." *Id.* at 12 (collecting cases). This appeal falls well within the sweep of that doctrine.

Whatever mental gymnastics may be essayed, the issue presented for review in this case is controlled by our opinion in *Marino v. Hyatt Corp.,* 793 F.2d 427 (1st Cir.1986). In its material elements, the case at bar is indistinguishable from *Marino.* Here, as in *Marino, id.* at 429, the plaintiff made her travel arrangements within Massachusetts, but was injured at her ultimate destination (an out-of-state resort situs). Here, as in *Marino, id.* at 427, the plaintiff sued for damages stemming from the out-of-state accident. Here, as in *Marino, id.* at 427–28, the plaintiff relied on the Massachusetts long-arm statute, Mass.Gen.Laws ch. 223A, § 3(a) (1984), as the means of obtaining jurisdiction over the resort operator. We think it follows ineluctably that here, as in *Marino, id.* at 431, plaintiff's claims for personal injuries suffered at the out-of-state situs, regardless of how creatively her cause of action is labelled, did not "aris[e] from" the affected defendant's contacts with Massachusetts. Consequently, applying our earlier precedent, jurisdiction cannot be premised on Mass.Gen.Laws. ch. 223A, § 3.

In the absence of any other cognizable basis for the district court's exercise of jurisdiction over Resorts, the motion to dismiss was solidly grounded.

### B.

■ We recognize, of course, that a panel may depart from prior circuit precedent

1221 (1st Cir.1990) (court may skirt a particular jurisdictional inquiry if the appeal can facilely be resolved on other grounds in favor of the party benefitted by the jurisdictional argument), *petition for cert. filed,* 59 U.S.L.W. 3674 (March 19, 1991).

if "newly emergent authority, although not directly controlling, nevertheless offers a convincing reason for believing that the earlier panel, in light of the neoteric developments, would change its course." *Metcalf & Eddy*, 945 F.2d at 12. The plaintiff says this is such a case. She asks us to rethink *Marino* on the authority of opinions of other courts. *See, e.g., Lanier v. American Bd. of Endodontics*, 843 F.2d 901 (6th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988); *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260 (5th Cir. Unit A 1981); *Stevenson v. Four Winds Travel, Inc.*, 462 F.2d 899 (5th Cir. 1972).[2] Passing the obvious fact that many of these decisions antedate *Marino*, and disregarding the equally obvious fact that none of them involve the Massachusetts long-arm statute, we do not believe the plaintiff has come close to showing that *Marino* is undeserving of our continued allegiance. As we said in *Metcalf & Eddy:*

> While decisions of other courts of appeals merit our respectful consideration, they are not entitled to our automatic acquiescence. In the end, such decisions should receive deference commensurate with their intrinsic persuasive force (or lack thereof). When, as in this situation, we are asked to overrule a recent, carefully reasoned precedent of our court ... we should be slow to do so.

945 F.2d at 13.

In this instance, we continue to find *Marino*'s reasoning persuasive and *Marino*'s result sound. Furthermore, we think *Marino*, far from being weakened by later precedents, has been bolstered. *See, e.g., Pizarro v. Hoteles Concorde Int'l*, 907 F.2d 1256 (1st Cir.1990) (construing Puerto Rico long-arm statute); *Rye v. Atlas Hotels, Inc.*, 30 Mass.App. 904, 566 N.E.2d 617 (1991) (construing Mass.Gen.Laws ch. 223A, § 3(a)); *see generally United Elec., Radio & Machine Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992) (formulating tripartite test for ascertainment of specific personal jurisdiction).

## III.

We need go no further. Plaintiff's efforts to distinguish *Marino* are lame. *Marino* controls. Hence, the district court properly dismissed the suit as to Resorts for want of *in personam* jurisdiction.

*Affirmed.*

---

**2.** Appellant's flagship authority, cited no less than nine times in her appellate brief, is the Ninth Circuit's decision in *Shute v. Carnival Cruise Lines*, 863 F.2d 1437 (9th Cir.1988). Appellant's counsel apparently overlooked *Shute*'s subsequent history. *See Shute v. Carnival Cruise Lines*, 872 F.2d 930 (9th Cir.1989) (withdrawing panel opinion); *S.C.*, 897 F.2d 377 (9th Cir.1990) (conforming opinion to state supreme court's response to certified question); *S.C.,* —— U.S. ——, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (reversing on other grounds); *S.C.*, 934 F.2d 1091 (9th Cir.1991) (opinion after remand).