Kimberly CROCKER and Julian H. Crocker, Plaintiffs, Appellants,

v.

The HILTON INTERNATIONAL BARBADOS, LTD., Defendant, Appellee.

No. 91–2238.

United States Court of Appeals, First Circuit.

Heard July 29, 1992.

Decided Oct. 8, 1992.

Dianna R. Stallone, with whom Law Office of Dianna R. Stallone, was on brief for plaintiffs, appellants.

Robert G. Eaton, with whom Sloane and Walsh, was on brief for defendant, appellee.

Before TORRUELLA and BOUDIN, Circuit Judges, and KEETON,* District Judge.

TORRUELLA, Circuit Judge.

Kimberly and Julian Crocker ("Appellants") sued the Hilton International Barbados, Ltd. ("Appellee"), a hotel located in Bridgetown, Barbados, for damages resulting from the rape of Kimberly Crocker while she and her husband of less than a year were guests at that lodging. Appellants allege that when Kimberly Crocker was walking through the hotel premises alone, she was attacked at knifepoint and raped. The complaint alleges counts for negligence and loss of consortium, and claims that the assault was perpetrated by a person who was neither a guest at the hotel nor a hotel employee.

Appellee challenged the personal jurisdiction of the district court through a Motion

to Dismiss, which was granted notwithstanding appellants' opposition. The district court also disallowed appellants' motions to amend the complaint to add as defendants Hilton Hotel Corporation and Hilton International, Ltd. In addition the motion sought to add claims for breach of contract and warranty, which request was also denied. Appellants attempted to stay the jurisdictional ruling pending discovery but this move was rejected by the trial court. These rulings are all the subject of this appeal.

Appellants make a three-fold claim of personal jurisdiction over appellee: (1) they allege that the sexual assault in Barbados arose out of appellee's transaction of business in Massachusetts within the meaning of Mass.Gen.Laws ch. 223A, § 3(a); (2) they claim that some of the damages resulting from the rape in Barbados, namely a diagnosed delayed post traumatic stress syndrome, as well as the loss of consortium, constitute a tortious injury in Massachusetts pursuant to Mass.Gen.Laws ch. 223A, § 3(d); and (3) they contend that appellee's activities in Massachusetts were sufficient to warrant the exercise of jurisdiction under Mass.Gen.Laws ch. 223, §§ 37 and 38.

Chapter 223A, § 3(a), Mass.Gen.Laws states as follows:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth....

Section 3(d), thereof allows personal jurisdiction over a person

causing tortious injury in this commonwealth by an act or omission outside the commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.

Section 37 of Chapter 223 establishes the procedure for service of process on corpo-

* Of the District of Massachusetts, sitting by desig- nation.

rations, with Section 38 specifically dealing with the application of said measures to foreign corporations.

The following facts arise from the record. Appellee is a corporation organized under the laws of Barbados, with its sole place of business therein. It conducts no business in Massachusetts except for the solicitation of business, as will be described hereinafter. It has no offices, agents or employees in the commonwealth. Nor does appellee pay taxes, have any process agent, or is it listed as having a Massachusetts telephone number or address.

Appellants booked their hotel room through a travel agency located in Massachusetts, Village Tour and Travel ("Village Tours"). This agency had received an advertising brochure about appellee's hotel from its parent company, Hilton International. Village Tours placed appellants' booking through Go Go Tours, an affiliate of a New Jersey travel management company known as Lib/Go Travel, Inc. ("Lib/Go"). Lib/Go has an agreement with appellees pursuant to which it is given preference on a certain number of rooms at a discount rate. Thus, appellants made a down payment to Village Tours, Village Tours paid Go Go, and Go Go paid the hotel in Barbados.

Hilton International maintains an "800" number (1–800–Hiltons), as well as a Boston area telephone number, whereby reservations can be made for any Hilton hotel worldwide. These telephone numbers are also listed in a brochure distributed in Massachusetts by Hilton International, a copy of which was acquired by Kimberly Crocker in that state. Together with six other hotels, appellee was listed in a Boston Globe advertisement sponsored by Hilton International and American Airlines. In addition, there is some evidence to the effect that the Barbados Hilton was represented on one occasion at an annual Caribbean Tourism Association trade show in Massachusetts.

I

■ The crucial question to be answered under the two-part analysis required by

Section 3(a) of the Massachusetts long arm statute is whether appellants' causes of action arose out of business conducted in Massachusetts by appellee. *See Fournier v. Best Western Treasure Island Resort,* 962 F.2d 126 (1st Cir.1992); *Marino v. Hyatt Corp.,* 793 F.2d 427, 428 (1st Cir. 1986). In this respect the established precedent in this circuit is crystal clear, of recent vintage, and absolutely binding. *See Metcalf & Eddy v. Puerto Rico Aqueduct and Sewer Authority,* 945 F.2d 10 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1290, 117 L.Ed.2d 514 (1992).

In *Marino,* a Massachusetts resident was injured when she fell while staying at a Hyatt Hotel in Hawaii. *Marino,* 793 F.2d at 427. Hyatt owned and operated a hotel in Massachusetts and regularly advertised and solicited business there. *Id.* at 428. Plaintiffs had made their reservations for the Hawaii Hyatt through a Massachusetts travel agency. *Id.* at 428–29 n. 3. We ruled that it was not enough "that a defendant transact business in Massachusetts. The cause of action itself must " 'aris[e] from' the defendant's transacting of business in Massachusetts." *Id.* at 428. We concluded that a personal injury action for a slip and fall accident in Hawaii could not "arise from" the reservation of a hotel room in Massachusetts. *Id.* at 430.

Similarly, in *Fournier,* we decided that another Massachusetts resident had failed to establish *in personam* jurisdiction under § 3(a). The suit was against a Grand Cayman Island hotel for injuries suffered there when that plaintiff was struck by a motor boat while she was snorkeling. Plaintiff also had made her travel arrangements in Massachusetts, but defendant's activities in Massachusetts were, as in *Marino,* limited to solicitation of business. *Fournier,* 962 F.2d at 127.

The holdings in *Fournier* and *Marino* decide this issue. The district court correctly ruled that it lacked jurisdiction under Section 3(a).

II

■ Appellants' argument under Section 3(d) fares no better. Although appellants'

post trauma and consortium-related injuries may have been experienced upon their return to Massachusetts, here, as in *Marino* and *Fournier*, the plaintiffs sued for damages stemming from the out-of-state incident. Furthermore, the injury to which Section 3(d) refers is the sexual assault itself, not the manifestations or effects of that injury as claimed by appellants. The complaint in this case may be understood as alleging manifestations or effects more severe than were alleged in cases such as *Fournier* and *Marino*. These manifestations, however, are no different in relation to the legal issue of *in personam* jurisdiction than the pain and suffering of the plaintiffs in those cases, in which the accident took place elsewhere, but plaintiffs convalesced in Massachusetts and suffered most of the effects of the out-of-state injuries in Massachusetts. *See also Mello v. K-Mart Corp.*, 604 F.Supp. 769, 771 (D.Mass.1985) (injury occurs where the bodily contact occurs); *Walsh v. National Seating Co.*, 411 F.Supp. 564, 571 (D.Mass. 1976).

The injury occurred in Barbados. Thus appellee cannot be subjected to personal jurisdiction in Massachusetts under Section 3(d) in the circumstances of this case.

### III

■ Neither do Sections 37 and 38 of Chapter 223 Mass.Gen.Laws provide a basis for personal jurisdiction over appellee. Section 38 states that:

In an action against a foreign corporation ... which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, *service* may be made in accordance with the provision[ ] of [Section 37]

relative to service on domestic corporations....

Emphasis supplied.

Although this language would appear to principally deal with the mechanical aspects of acquiring jurisdiction, it has been interpreted more broadly. *See Caso v. Lafayette Radio Electric Corp.*, 370 F.2d 707 (1st Cir.1966). Nevertheless, this provision has never been extended to encompass appellants' contentions. In fact it has been

regularly found [that] more than "mere solicitation" [is required].... [E]ven when [the Supreme Judicial Court of Massachusetts] has found solicitation plus some other activity, it has not extended jurisdiction when the cause of action did not arise out of the activities in Massachusetts....

*Id.* at 711–12.[1] The court ruled in that case that Section 38 jurisdiction would attach only if

(a) ... the corporation's activities affect the commerce of Massachusetts substantially so that the state has an interest in regulating the general conduct of those activities ... or (b) whenever the corporation's activities in Massachusetts have so affected the particular transaction at issue that it is appropriate to have the claim in a Massachusetts court....

*Id.* at 712; *see also Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24, 28 (1st Cir.1980); *Howse v. Zinner Mfg. Co.*, 757 F.2d 448, 450 (1st Cir.1983).

Appellants' claim does not arise out of the solicitation of business in Massachusetts, but rather out of the action of a third party after appellants had lodged in the Barbados Hilton and, at most, the alleged negligence of the Barbados Hilton in failing to provide appropriate security. No jurisdiction attaches under Section 38. *Caso*, 370 F.2d at 712.

---

**1.** At oral argument, appellants relied heavily on *Gunner v. Elmwood Doge, Inc.*, 24 Mass.App. 96, 506 N.E.2d 175 (1987), for the proposition that persistent solicitation of Massachusetts residents can suffice to establish jurisdiction over a foreign corporation. *Gunner,* however, involved the assertion of jurisdiction under section 3(a) of the long-arm statute—that is, over a cause of action assumed by the court to arise out of the

corporation's contacts with the state. In this case, as we have explained above, appellants' cause of action does not arise out of appellee's contacts with Massachusetts. As noted in *Caso,* significantly more by way of contacts is required where the cause of action does not arise out of the foreign defendant's contacts with the state. *See Caso,* 370 F.2d at 711–12.

## IV

The district court did not abuse its discretion in denying appellants' motion to amend the complaint. Appellants sought to include additional claims grounded on breach of contract and breach of warranty theories. The breach of contract claim alleged that appellee contracted with appellants in Massachusetts to provide safe and habitable premises at its hotel, and that appellee breached that contract by failing to maintain safe and habitable conditions. Similarly, the breach of warranty claim alleged that appellee impliedly warranted that its premises were safe and habitable, and that appellee breached that warranty because its premises were unsafe. Again, these claims are foreclosed by our rulings in *Marino*. In considering plaintiff's breach of contract argument we stated:

> [T]o proceed in contract against a hotel owner for the infliction of personal injury [requires] *intentional* interference with the hotel guest's right to the quiet enjoyment of his room. . . .

*Marino*, 793 F.2d at 430 (emphasis in original). There is no *intentional* interference by the hotel owner alleged in the present case, but rather criminal acts by third parties.

Appellants argue that *Marino* is distinguishable because in that case only a reservation had been made; here, appellants had paid $1,600 in advance and had been assigned a "room category." We conclude, however, that the implied covenant pertaining to safety of occupied premises arises when the guest checks in, is assigned some specific space, and receives a key or other means of access to that space.

Thus the claims in the amendments sought would have arisen in this case, not when the reservation was made in Massachusetts through the travel agent, but in Barbados when appellants checked in as hotel guests. Therefore, since *in personam* jurisdiction would not lie to try these new counts in Massachusetts, the district court acted correctly in denying the motion to amend the complaint. *Vargas v. McNamara*, 608 F.2d 15, 18 (1st Cir.1979).

This conclusion is of equal application to the amendment seeking to add Hilton International and Hilton Hotel Corporation as defendants.

## V

Trial courts have broad discretion to decide whether discovery is required on the issue of personal jurisdiction. *Santiago. v. Fenton*, 891 F.2d 373, 379 (1st Cir.1989). A ruling will be overturned "only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." *Id.*

The information sought by appellants deals with the amount of revenue derived by appellee from Massachusetts customers, whether appellee's employees travelled to this state to participate in a Caribbean Tourism Association trade show, and whether appellee has "letters of agreement" with other Massachusetts tour promoters. None of this information is relevant to the issue before us as it deals either with mere solicitation of business, or involves the provision of goods or services outside of Massachusetts.

The orders appealed from are *affirmed.*