SO ORDERED.

**DER–TEX CORPORATION, Plaintiff,**

v.

**Mark THATCHER, d/b/a Teva Sport Sandal, Defendant.**

**Civ. A. No. 92–12363–H.**

United States District Court, D. Massachusetts.

March 9, 1993.

Gregory A. Madera, Fish & Richardson, Boston, MA, for plaintiff.

Peter B. Ellis, Foley, Hoag & Eliot, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Plaintiff Der–Tex, a Massachusetts company, brought this suit for a declaratory judgment of invalidity and non-infringement of Defendant Thatcher's sport sandal patent. Defendant, and its licensee, the California based Deckers Corporation, sell their product, the "Teva" sport sandal, in Massachusetts and elsewhere. Plaintiff Der–Tex manufactures a competing product, the Oxy sport

sandal, which it sells in Massachusetts and throughout the United States.

The Defendant has filed a motion to dismiss this action on the grounds of lack of personal jurisdiction and improper venue. The Court will review each of these grounds. With regard to the claim that personal jurisdiction is lacking, the Court notes that it is the plaintiff who has the burden of proving the court's jurisdiction. *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904 (1st Cir.1980). Proving jurisdiction is a two-step process. First, the plaintiff must establish facts sufficient to support a court's exercise of its *in personam* jurisdiction under the relevant state statute, and, second, the plaintiff must establish that the defendant has sufficient minimum contacts with the forum state to satisfy the Constitution's Due Process standard. *Gray v. O'Brien*, 777 F.2d 864, 867 (1st Cir.1985). In the instant case, Plaintiff Der–Tex has met both of its burdens with respect to personal jurisdiction.

The relevant state statute provides that,

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth.

Mass.Gen.Laws Ann. ch. 223A, § 3. The phrase "transacting any business in this commonwealth" must be read together with the phrase "cause of action in law or equity arising from." *Marino v. Hyatt Corp.*, 793 F.2d 427, 428 (1st Cir.1986).

Plaintiff has established that defendant does transact business in the Commonwealth. Plaintiff refers specifically to three types of business contacts which the defendant has with Massachusetts. First, plaintiff points to defendant's itemization of its Massachusetts

sales which indicates that 69 separate "Teva" mail orders were filled in Massachusetts in 1991. Second, plaintiff points to the "Customer Master Summary," maintained by defendant's licensee, Deckers Corporation, which indicates that Deckers sells the "Teva" sandal in Massachusetts through over 40 different Massachusetts retailers. Finally, plaintiff refers to defendant's charge of infringement and the threat of litigation which he directed at the plaintiff. These business contacts consisted of two telephone calls from the defendant to the plaintiff in Massachusetts during which the parties discussed the patent infringement issue.[1]

Defendant relies on *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 765–66 (2d Cir.1983), and *Conwed Corp. v. Nortene, S.A.*, 404 F.Supp. 497 (D.Minn.1975), which stand for the proposition that the sending of infringement letters, or the noticing of infringement, does not, *by itself*, create a basis for personal jurisdiction in the forum to which the letters or notices are directed. However, in the instant case, telephone conversations between the defendant and the plaintiff, in which patent infringement and litigation were discussed, were not defendant's only business contacts with Massachusetts.

Plaintiff also establishes, as it must under the state statute, that the cause of action in issue "arose from" defendant's business contacts with Massachusetts. *Nova Biomedical Corp. v. Moller*, 629 F.2d 190 (1st Cir.1980), is most instructive on this point. In that case, the Court of Appeals for the First Circuit did not explicitly reach the "arising from" issue, specifically holding only that defendant's letter charging infringement was a component of defendant's patent-related business contacts with the forum. The Court

---

1. Plaintiff and defendant discussed the patent infringement issue at trade shows in Nevada and Texas as well. Mr. Frederick Trezise, a Sales Manager for Der–Tex Corporation, states in his affidavit of January 29, 1993 that Mr. Thatcher visited the Der–Tex booth at a Reno trade show and stated that he was "going after" patent infringers. According to the same affidavit, at a subsequent show, Mr. Thatcher reiterated that he was "going after potential infringers" and that a suit against Der–Tex was being prepared. Defendant's deposition of Mr. Lunder, President of Der–Tex, indicates that the second conversation took place at a Dallas trade show. Lunder Deposition at 54. As the trade show contacts were not directed at the forum state, however, they cannot be classified as acts by which defendant purposefully availed himself of the benefits and protection of Massachusetts law. Accordingly, for purposes of determining whether plaintiff's cause of action arose from defendant's contacts with Massachusetts, the Court will not consider them.

noted, however, that "[v]iewing [Defendant's] charge of infringement in this light, of course, goes far towards resolving the second question presented as an alternative on appeal: *viz* whether [Plaintiff's] cause of action can be regarded as 'arising from' [Defendant's contacts with the forum state]." 629 F.2d at 195, n. 9.

The Court of Appeals for the First Circuit noted that, in similar situations, other courts have adopted an expansive view of the "arising from" language. *Id.* One of the cases the Court of Appeals cited for having adopted such an expansive view is *Medtronic, Inc. v. Mine Safety Appliances Co.*, 468 F.Supp. 1132 (D.Minn.1979), which held that the exercise of personal jurisdiction over a patent holder was proper where the patent holder sold its product in the forum state and sent letters noticing patent infringement into the forum state. *Id.* at 1144–47. The Court in *Medtronic* held that under such circumstances, a cause of action for declaratory judgment of non-infringement "arose from" defendant's business contacts with the forum state. *Id.* at 1144. The facts of the instant case are remarkably similar to those of *Medtronic.* Defendant Thatcher sells his "Teva" sandal in the forum state, Massachusetts, and while he did not send letters noticing patent infringement into Massachusetts, he made other equivalent contacts noticing patent infringement and threatening possible litigation. In late 1991, Defendant Thatcher telephoned plaintiff to inform plaintiff of the existence of his patents and to request a pair of plaintiff's sandals for evaluation in light of his patents. Approximately one year later, plaintiff and defendant had a second telephone conversation. The defendant appears to argue that because he did not initiate it, the second telephone conversation cannot serve as a basis for the Court's assertion of personal jurisdiction over him. In fact, the second telephone conversation took place when defendant returned a telephone call from plaintiff. Defendant states in his Memorandum in Support of Motion to Dismiss that plaintiff telephoned to discuss the possibility of avoiding litigation. Defendant then returned that telephone call. According to Mr. Lunder, President of Plaintiff, Defendant Thatcher told him on that occasion: "If you don't change your design, I'll see you in Court." Lunder Deposition at 56. Defendant Thatcher, himself, admits having stated that he would sue plaintiff if plaintiff refused to modify its product. Thatcher Affidavit at 4.

This Court holds that those telephone calls into Massachusetts substitute for the letters mailed into the forum state in *Medtronic.* Adopting the logic of the *Medtronic* court, and the interpretation left open to it by the *Nova Biomedical* court, this Court holds that Plaintiff Der–Tex's cause of action "arose from" Defendant Thatcher's business contacts with Massachusetts.

▇ In order to meet its burden with regard to personal jurisdiction, in addition to alleging facts sufficient to support the Court's exercise of jurisdiction under the Massachusetts long arm statute, plaintiff must also establish that the Constitution's Due Process standard is satisfied. Armed with the precedent of *Nova Biomedical,* the plaintiff easily meets this burden in the instant case. In *Nova Biomedical,* as in the instant case, through a licensee, defendant, sold a product which competed with that of plaintiff in Massachusetts. Also, as in the instant case, after receiving notice from defendant that plaintiff's product infringed on the defendant's patent, the plaintiff in *Nova Biomedical* sought a declaratory judgment that its product was non-infringing. The First Circuit reasoned that there could be "little dispute that the assertion of jurisdiction would comport with due process, given [Defendant's] extensive and ongoing contacts with the forum." *Nova Biomedical Corp. v. Moller,* 629 F.2d at 193. This Court, in accordance with the principle of *stare decisis,* applies the reasoning of *Nova Biomedical* to the similar facts in the instant case, and holds accordingly that Defendant Thatcher's contacts with Massachusetts are sufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment.

Defendant has also moved for dismissal of this case on the ground that venue is improper. The general "federal question" venue statute, 28 U.S.C. § 1391(b), which defendant

states is the statute applicable in this case, provides that:

> a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which *the claim arose*, except as otherwise provided by law. (Emphasis added).

Having already decided that plaintiff's cause of action "arose from" business contacts in Massachusetts, this Court easily disposes of that ground. Plaintiff's claim arose in Massachusetts and therefore venue is proper in Massachusetts.

As the Court of Appeals for the First Circuit has noted, "Massachusetts has an undeniable interest in providing a forum for residents accused of patent infringement." *Nova Biomedical Corp. v. Moller*, 629 F.2d at 193, n. 3. Accordingly, in the instant case, since venue is proper and since the plaintiff has established that the Court's exercise of personal jurisdiction over the defendant is statutorily and constitutionally permissible, the Defendant's Motion to Dismiss is denied.

SO ORDERED.