Josefina FIGUEROA COLON,
et al., Plaintiffs,

v.

RADISSON CABLE BEACH RESORT,
et al., Defendants.

No. CIV. 00–2067(RLA).

United States District Court,
D. Puerto Rico.

March 22, 2004.

Vilma M. Dapena Rodríguez, Esq., Bayamón, PR, for Plaintiffs.

Ivan M. Fernandez, Esq., San Juan, PR, for Defendants.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

ACOSTA, District Judge.

This is an action for damages arising out of the slip and fall of plaintiff JOSEFINA FIGUEROA COLON at the swimming pool of the Radisson Cable Beach Resort

(the HOTEL), located in Nassau, Bahamas.

Jurisdiction of this Court is premised on diversity of citizenship of the parties, 28 U.S.C. Section 1332. The HOTEL has moved for dismissal of the complaint for lack of *in personam* jurisdiction.

Plaintiffs aver in the complaint that they are citizens and domiciliaries of the Commonwealth of Puerto Rico; that the HOTEL is a foreign corporation organized pursuant to the laws of the Bahamas with its principal place of business in Nassau, Bahamas; and that the HOTEL has carried out business transactions within the Commonwealth of Puerto Rico. As to the latter, they allege that plaintiff's hotel reservations were made in Puerto Rico through a local travel agent; that the HOTEL promotes, solicits and advertises its business in Puerto Rico through electronic means, travel agents and related means; that the HOTEL is part of a chain or franchise of hotels which include two hotels located in Puerto Rico, and finally, that travel arrangements between the plaintiffs and the HOTEL were the result of HOTEL solicitation and advertising in Puerto Rico.

The HOTEL asserts that it transacts business as such solely within Nassau, Bahamas; that the advertisement carried on in Puerto Rico by travel agents, electronic and/or other advertisement means or channels of communications do not amount to the transaction of business under Puerto Rico's long-arm statute and that the reservation of its rooms through the Internet does not constitute submission to the jurisdiction of this Court over its person.

The Court has before it the HOTEL's motion to dismiss (docket No. 13) and plaintiffs' opposition thereto (docket Nos. 22 and 30). A reply (docket No. 31) and surreply (docket No. 34) were also filed.

Having considered the aforementioned motions, the Court finds the HOTEL's motion well grounded in fact and law, and hereby GRANTS the motion to dismiss for the reasons set forth below.

## DISCUSSION

It is well settled that for this Court to issue a binding decision over the parties to a suit, it must have jurisdiction over the parties. *U.S. v. Swiss American Bank Ltd.*, 191 F.3d 30 (1st Cir.1999). It befalls upon the plaintiff to establish the jurisdiction of the Court over the defendant. *Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81 (1st Cir.1997). To obtain jurisdiction, a plaintiff must make a factual showing as to each fact required for personal jurisdiction. *Foster–Miller v. Babcock & Wilcox Canada*, 46 F.3d 138 (1st Cir.1995). However, mere allegations in the complaint or arguments of counsel are not sufficient to establish personal jurisdiction over a defendant. *Boit v. Gar–Tec Products, Inc.*, 967 F.2d 671 (1st Cir.1992).

In a diversity of citizenship case, courts must turn to local law to make the determination as to their personal jurisdiction over a non-resident defendant. *Nowak v. Tak How Investments*, 94 F.3d 708 (1st Cir.1996). Under Rule 4.7 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A., App. III, R. 4.7, a court in Puerto Rico may exercise jurisdiction over a non-resident defendant if: (1) it has transacted business in Puerto Rico, *and* (2) the cause of action arose out of the defendant's actions within Puerto Rico. Further, the activity linking the defendants, the forum, and the cause of action must be substantial enough to meet the due process requirements of fair play and substantial justice. *Pizarro v. Hoteles Concorde Intern., C.A.*, 907 F.2d 1256 (1st Cir.1990), (citing, with approval, *A.H. Thomas v. Superior Court*, 98 P.R.R. 864 (Supreme Court of Puerto Rico, 1970)); *Alvarado–Morales v. Digital*

*Equipment Corp.*, 843 F.2d 613 (1st Cir. 1988).

█ Plaintiffs have not shown that their claim for damages, stemming from a slip and fall accident at the HOTEL in Nassau, Bahamas, arose out of any of the HOTEL's contacts with Puerto Rico. Moreover, there is no connection between the alleged reservations through a local agent, nor with the alleged promotion, solicitation, and advertisement of the HOTEL's business, by whatever means, and the accident complained of, nor with the fact that other parties operate hotels in Puerto Rico under the trade name of Radisson Hotels. Such facts, even if they could be considered as "contacts" made by the defendant HOTEL in Puerto Rico, do not rise to a level where the due process requirements of fair play and substantial justice are met. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The nexus, if any, between defendant's alleged negligence, and its supposed contacts with this forum, is remote, *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201 (1st Cir.1994), distant, and the supposed contacts were not the legal or proximate cause of the alleged injuries. *Nowak*, 94 F.3d, at 715; *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *United Elec. Workers v. 163 Pleasant Street*, 960 F.2d 1080 (1st Cir.1992); *Fournier v. Best Western Treasure Island Resort*, 962 F.2d 126 (1st Cir.1992); *Crocker v. Hilton Intern. Barbados, Ltd.*, 976 F.2d 797 (1st Cir.1992).

Furthermore, it has been held that the fact that a defendant opens and maintains a webpage in the Internet does not constitute a tort committed in the jurisdiction. *See, e.g.*, 16 Moore's Federal Practice–Civil, § 108.44(2) (3rd ed.2004), and cases cited therein at Note 5.

Likewise, the statement under penalty of perjury of plaintiff Josefina Figueroa to the effect that she was provided the HOTEL's promotions, prices, and special packages through the Internet does not provide a sufficient foundation, nor does it have a causal connection with the accident complained of, to support personal jurisdiction over defendant. *See* Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1073.1 (3rd ed.2002). Certainly the alleged tort at issue was not committed by defendant in cyberspace. *Bensusan Restaurant Corp. v. King*, 126 F.3d 25 (2nd Cir.1997) (Conduct on the defendant's website, a Missouri Corporation, can not be said to constitute a tort within New York.); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir.1997). (No court has ever held that an Internet advertisement by a foreign corporation alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state for a tort committed outside of the state.)

Accordingly, the Court finds that plaintiffs have failed to meet the burden of establishing that this Court has jurisdiction over defendant Radisson Cable Beach Resort of Nassau, Bahamas, and defendant's motion to dismiss for lack of personal jurisdiction (**docket No. 13**) is hereby **GRANTED**.

Judgment to issue.

IT IS SO ORDERED.

### *JUDGMENT*

The Court having dismissed the claims filed in this case through its order issued on this same date; accordingly,

It is hereby ORDERED and ADJUDGED that the claims filed in this action be and the same are hereby DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.