RALEIGH RUG COMPANY, INC. *vs.* R.A. CIVITELLO CO. March 31, 1987. *Jurisdiction*, Nonresident, Long-arm statute. ·

The sole basis relied on by the plaintiff for reversing the judgment of dismissal entered under Mass.R.Civ.P. 12 (b) (2), 365 Mass. 755 (1974), is G. L. c. 223A, § 3(*a*), as amended by St. 1969, c. 623, which provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a *cause of action* in law or equity *arising from* the person's (*a*) transacting any business in this Commonwealth" (emphasis supplied). When confronted by a motion under rule 12 (b) (2), a plaintiff who relies on § 3(*a*) has the burden of establishing facts upon which it can be determined that his cause of action arises out of business which the defendant has transacted here. *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 3, 5-6, 10 n.17 (1979). *Carlson Corp.* v. *University of Vt.*, 380 Mass. 102, 104 n.4 (1980). *Morrill* v. *Tong*, 390 Mass. 120, 129, 133 (1983). *Burtner* v. *Burnham*, 13 Mass. App. Ct. 158, 161-162 (1982). *Hood* v. *American M.A.N. Corp.*, 20 Mass. App. Ct. 937, 939 (1985). The facts which can be gleaned from the amended complaint and from the affidavit tendered by the plaintiff are meager. The plaintiff, a Massachusetts corporation with a place of business in Springfield, is seeking to recover damages from the defendant (State of incorporation unknown), a general contractor with a place of business in Woodbridge, Connecticut

by reason of the defendant's alleged breach of a subcontract under which the plaintiff was to supply the carpeting in connection with the renovation of a parcel of real estate (apparently including a building) located in New Haven, Connecticut. The subcontract was obviously to be performed in New Haven, but the record is devoid of evidence as to how and where the parties conducted the negotiations leading up to the formation of the subcontract, as to where the subcontract was executed (if it was in writing), and as to how and from where the subcontract was administered. It does appear that the defendant had a number of contacts with Massachusetts in the course of negotiating the general contract of renovation with a Massachusetts corporation in Cambridge which represented the owners of the New Haven property and in the course of administering and implementing the general contract after it was executed (we know not where). The terms of the general contract are not disclosed; in particular, we do not know whether that contract required or even contemplated the employment of the plaintiff as the carpeting subcontractor. The blind allegation of the amended complaint that the subcontract was entered into "[p]ursuant to [the] renovation of" the New Haven property sheds no light on the question. Compare *Carlson Corp.* v. *University of Vt.*, 380 Mass. at 104 n.4; *Glaros* v. *Perse*, 628 F.2d 679, 682 (1st Cir. 1980); *Marino* v. *Hyatt Corp.*, 793 F.2d 427, 430-431 (1st Cir. 1986). In our view, the only facts which have been established for the purposes of the motion to dismiss are insufficient to warrant a finding that the plaintiff's cause of action arises out of whatever business the defendant may have "transact[ed]" in Massachusetts within the meaning of G. L. c. 223A, § 3(*a*). That being so, we need not consider whether an assumption of in personam jurisdiction over the defendant would pass muster under the due process clause. See *Helicopteros Nacionales de Colombia, S.A.* v. *Hall*, 466 U.S. 408, 413-418 (1984); *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 471-479, 485-486 (1985).

*Judgment affirmed.*

*Henry A. Moran, Jr.,* for the plaintiff.
*Alice E. Zaft* for the defendant.