**Raul MERCED and Vilma Merced, Plaintiffs,**

v.

**JLG INDUSTRIES, INC., Defendant and Third–Party Plaintiff,**

v.

**Hydraulic Fittings Co., Inc. L & L Fittings Manufacturing, Third–Party Defendants.**

**No. Civ.A.00–40146–NMG.**

United States District Court, D. Massachusetts.

Dec. 27, 2001.

Michael J. Heineman, Mingace & Heineman, PC, Framingham, MA, Newman & Ponsetto, Boston, MA, for Plaintiffs.

James B. Dolan, Badger & Dolan, Boston, MA, for JLG Indus. Inc.

Rebecca L. Andrews, Walpole, MA, for Hydraulic Fittings Co.

Emily G. Coughlin, Ryan and Coughlin, Boston, MA, Shailini J. George, Boston, MA, for L&L Fittings Manufacturing.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiffs Raul Merced ("Merced") and Vilma Merced seek damages and loss of consortium for personal injuries stemming from Raul Merced's workplace use of a "manlift" manufactured by JLG Industries, Inc. ("JLG"). JLG has filed a Third–Party Complaint against Hydraulic Fittings Company, Inc. ("Hydraulic Fittings") and L & L Fittings Manufacturing ("L & L Fittings"). Pursuant to Fed. R.Civ.P. 12(b)(6), both L & L Fittings and Hydraulic Fittings filed motions to dismiss based upon lack of personal jurisdiction.

On September 28, 2001, this Court issued an Order ("the September 28 Order") denying L & L Fittings' Motion to Dismiss on the grounds that this Court's assertion of personal jurisdiction over L & L Fittings was appropriate. This consideration of Hydraulic Fittings' Motion involves many of the same issues and consequently incorporates by this reference the factual and legal analysis contained in the September 28 Order.

## I. *Factual Background*

Hydraulic Fittings is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania. It distributes hydraulic and pneumatic components for various manufacturers. Hydraulic Fittings admits, only for the purpose of its motion to dismiss, that it sold the subject "elbow" part to JLG and asserts that the only customer to whom it has sold such parts during the past 15 to 20 years is JLG.

Hydraulic Fittings argues that 1) it purchases elbows from L & L Fittings, repackages them and supplies them to its own customers, 2) JLG installs Hydraulic Fittings' products into equipment JLG manufactures and sells such equipment to its own customers 3) JLG is not Hydraulic Fittings' agent, 4) Hydraulic Fittings exercises no control over the customers to whom JLG sells its products, 5) Hydraulic Fittings neither sells nor derives any income from the sale of elbows to anyone in the Commonwealth of Massachusetts and 6) it engages in no advertising or marketing activities in the Commonwealth and is not registered, licensed or qualified to do business in Massachusetts.

A few critical differences set apart the activities of Hydraulic Fittings from those of L & L Fittings in Massachusetts. Significantly, unlike L & L Fittings, Hydraulic Fittings has no ongoing sales relationships with customers in the Commonwealth. Moreover, Hydraulic Fittings has made no direct sales in Massachusetts over the past decade. Finally, although meriting less attention, Hydraulic Fittings' sales structure is more limited than that of L & L Fittings in that it neither supports a national toll-free number nor maintains an interactive web-site.

## II. *Discussion*

### A. Applicable Law

■ Under Massachusetts law, jurisdiction over a nonresident defendant is appropriate if it is both authorized by statute and consistent with the due process requirements of the United States Constitution. *Good Hope Indus., Inc. v. Ryder Scott, Co.,* 378 Mass. 1, 5–6, 389 N.E.2d 76 (1979); *Nowak v. Tak How Inv., Ltd.,* 94 F.3d 708, 712 (1st Cir.1996) (hereinafter "Nowak II").

#### 1. Massachusetts Long Arm Statute

#### a. Transaction of Business in Massachusetts

■ Pursuant to M.G.L. c. 223A, § 3(a), the plaintiff must demonstrate that his

cause of action arises out of defendant's business transactions in Massachusetts. *Raleigh Rug Co. v. R.A. Civitello Co.*, 23 Mass.App.Ct. 1025, 505 N.E.2d 553, 554 (1987). As with this Court's earlier disposition of L & L Fittings' motion, this Court need only briefly address that provision. Hydraulic Fittings conducts no business transactions in Massachusetts and Merced's injury, if in any way caused by Hydraulic Fittings, resulted from its out-of-state activities. *Catrone v. Ogden Suffolk Downs, Inc.*, 647 F.Supp. 850, 858–859 (D.Mass.1986). Thus, JLG has failed to satisfy the minimum statutory requirements of § 3(a).

### b. Causing Tortious Injury in the Commonwealth

The parties do not dispute whether the threshold requirement of § 3(d) of causing tortious injury in the Commonwealth is met. Hydraulic Fittings sold to JLG, outside of Massachusetts, an allegedly defective elbow that eventually led to Merced's injury in the Commonwealth of Massachusetts.

■ Hydraulic Fittings asserts that its lacks sufficient additional contacts with the forum to satisfy the second requirement of § 3(d), i.e., it neither engages in continuous activity nor derives substantial revenue in the forum. M.G.L. c. 223A, § 3(d).

JLG contends that Hydraulic Fittings derives substantial revenue from goods used or consumed in the Commonwealth although it neither markets nor sells its products here. The foundation of JLG's argument is a secondary agency theory: Hydraulic Fittings derives substantial revenue in Massachusetts as a result of sales of JLG products in Massachusetts. JLG asserts that Hydraulic Fittings has sold it thousands of elbows, which it, in turn, incorporates into products that JLG sells throughout Massachusetts. By implication, Hydraulic Fittings would not sell thousands of elbows to JLG but for JLG's large volume of business in the Commonwealth.

■ Although Hydraulic Fittings makes much of the fact that it has never sold an elbow in the Commonwealth, that is not a bar to jurisdiction under § 3(d). The statute requires only that the manufacturer derive substantial revenue from the use or consumption of its product line in Massachusetts not that the product at issue be sold in Massachusetts. *See Wilson v. Arburg Maschinen Fabrik Heil & Sonne*, 1998 U.S.Dist. LEXIS 2142 (D.Mass.1985).

Hydraulic Fittings has, however, presented several compelling arguments why its sales to JLG does not satisfy the substantial revenue prong of § 3(d). Hydraulic Fittings' direct involvement with the elbows concludes in Pennsylvania when it sells the elbows to JLG there. JLG commercial dealings with Hydraulic Fittings does not alone create an agency relationship in that they are separate entities with distinct corporate and management structures. *Greineder v. Drs. Foster & Smith, Inc.*, 1997 WL 1229244, *3 (Mass.Super.1997); *Roxse Homes, Inc. v. United States Mineral Co.*, 1987 WL 13804, *3 (D.Mass.1987).

Hydraulic Fittings neither made direct sales in Massachusetts nor attempted to cultivate sales relationships in that state. It is not enough for JLG to argue that Hydraulic Fittings' benefitted from sales JLG made in Massachusetts of JLG products containing a part it purchased from Hydraulic Fittings. At most, products that Hydraulic Fittings sold to JLG circuitously entered into the stream of commerce in this Commonwealth. *Landmark Bank v. Machera*, 736 F.Supp. 375, 384 (D.Mass.1990) (rejecting jurisdiction based on § 3(d)). Massachusetts courts have construed the substantial revenue prong liberally but there are still limits on Mas-

sachusetts long-arm jurisdiction. Although Hydraulic Fittings has a degree of indirect dealings with the forum, § 3 does not extend to these attenuated contacts.

## 2. The Due Process Analysis

■ The Due Process clause of the Fourteenth Amendment to the United States Constitution has been found to require certain "minimum contacts" between a nonresident defendant and the forum state such that the exercise of personal jurisdiction over that defendant accords with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Courts have differentiated between two kinds of personal jurisdiction: "general" and "specific". General jurisdiction is based upon the defendant's activity, unconnected to the case, in the forum state. *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir.1992) ("Pleasant St. I"). In contrast, specific jurisdiction is founded on a specific set of interactions, and only exists when the plaintiff establishes two fundamental requirements (1) that the exercise of jurisdiction is permissible under the forum's long-arm statute and (2) it comports with the United States Constitution. *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir.1995). The second requirement involves three discrete elements: relatedness, purposeful availment (sometimes called "minimum contacts") and reasonableness. *Id.*

### a. Relatedness

The First Circuit has observed that the relatedness inquiry, although not well articulated, focuses a court's inquiry on the nexus between a plaintiff's claim and the defendant's contacts with the forum. *Pleasant Street I*, 960 F.2d at 1088. In marked contrast to the September 28 Order in which this Court considered the relationship between Merced's injury and L & L Fittings' elbow, the relevant consideration with respect to Hydraulic Fittings concerns its sale of L & L Fittings' elbows to JLG.

Merced's injury in Massachusetts was merely ancillary to Hydraulic Fittings' sale to JLG in Pennsylvania of an allegedly faulty elbow, and given the intervening steps between that sale and the injury, Merced's cause of action arguably does not arise from it. Because Hydraulic Fittings' sale to JLG serves as the basis for this Court's jurisdiction, the third-party plaintiff's support for the relatedness requirement rests on precarious ground.

### b. Purposeful Availment

The analysis of the second element of the constitutional prong of specific personal jurisdiction involves a determination of whether Hydraulic Fittings' contacts with the forum state represent a "purposeful availment" by Hydraulic Fittings of the privilege of conducting business in Massachusetts. *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 207 (1st Cir.1994).

Hydraulic Fittings, despite its long-standing commercial contacts with JLG, has not "purposefully availed itself of the privilege of doing business here." *Id.* It maintains no office, employees, agents, or sales force in Massachusetts nor does it report sales in the Commonwealth. Hydraulic Fittings has had no reason to anticipate being haled into court in Massachusetts, least of all by a customer located in Pennsylvania. At most, the unilateral actions of one of its customers to whom it sold the allegedly offending product led to the present cause of action. The fact that goods sold by Hydraulic Fittings inadvertently entered the forum and later led to an injury is an insufficient basis for jurisdiction. *National Gypsum Co. v. Continental Brands Corp.*, 895 F.Supp. 328, 343 (D.Mass.1995).

#### c. Reasonableness

■ As discussed in the September 28 Order, the Supreme Court has identified five factors to consider, termed by the First Circuit, "the gestalt factors". They are: (i) the defendant's burden of appearing, (ii) the forum state's interest in adjudicating the dispute, (iii) the plaintiff's interest in obtaining convenient and effective relief, (iv) the judicial system's interest in obtaining the most effective resolution of the controversy, and (v) the common interests of all sovereigns in promoting substantive social policies. *Pleasant St. I*, 960 F.2d at 1088 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

(1) **The Defendant's Burden of Appearance:** Hydraulic Fittings, just as L & L Fittings, has asserted no special or unusual circumstance suggesting it would have an undue burden of appearance.

(2) **The Forum State's Adjudicatory Interest:** Because Merced's injury occurred in Massachusetts, the Commonwealth has an interest in the instant suit. *Nowak II*, 94 F.3d at 718. The mere fact that the plaintiff's injury occurred in Massachusetts is not, however, enough to establish its substantial interest in the suit. In contrast to L & L Fittings, Hydraulic Fittings has no direct contacts by virtue of the sale or use of its products in this forum. Massachusetts has no compelling interest in the prosecution of an indemnification claim arising from a sale that occurred entirely outside of its borders by an entity that transacts no business within them. *Sawtelle v. Farrell*, 70 F.3d 1381, 1395 (1st Cir.1995). Thus, this gestalt factor does not support jurisdiction.

(3) **The Plaintiff's Convenience and (4) The Administration of Justice:** Although the third and fourth gestalt factors (the plaintiff's convenience and the administra-

tion of justice) may weigh slightly in favor of retaining jurisdiction, they do not compel such a ruling or outweigh the negative factors. *See Nowak II*, 94 F.3d at 718.

(5) **Pertinent Policy Arguments:** The final gestalt factor considers broadly issues of public policy. *Nowak II*, 94 F.3d at 719. Massachusetts undoubtedly has an interest in protecting its citizens from the products or actions of out-of-state manufacturers. Yet, Pennsylvania ostensibly has a compelling interest in protecting businesses headquartered within its borders, and in providing a convenient forum for those commercial entities. In the present suit, JLG and Hydraulic Fittings are both Pennsylvania corporations, and the sale at issue arises out of an ongoing business relationship in Pennsylvania. Although federal courts have steadily enlarged the concept of personal jurisdiction, the Constitution still imposes real restrictions on their exercise thereof. The contacts with Massachusetts of third-party defendant Hydraulic Fittings' are insufficient to overcome these restrictions.

### III. *Conclusion*

This Court lacks jurisdiction over Hydraulic Fittings both under the Massachusetts long-arm statute and under the United States Constitution. Consequently, its motion to dismiss JLG's claims based on lack of personal jurisdiction will be **ALLOWED.**

#### ORDER

For the reasons stated in the Memorandum above, this Court lacks personal jurisdiction over Hydraulic Fittings. Its Motion to Dismiss (Docket No. 17) is, therefore, **ALLOWED.**

**So ordered.**