Pedro **MENENDEZ RODRIGUEZ**,
Appellant,

v.

**PAN AMERICAN LIFE INSURANCE COMPANY**, Appellee.

**Maria Cristina VENTO JAIME**, Appellant,

v.

**PAN AMERICAN LIFE INSURANCE COMPANY**, Appellee.

**No. 19130.**

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1965.

Rehearing Denied March 23, 1965.

John P. Corcoran, Jr., William E. Henson, Jr., Tampa, Fla., for appellants, Pedro Menendez Rodriguez and Maria Cristina Vento Jaime.

William A. Gillen, Morris E. White, Fowler, White, Gillen, Humkey & Trenam, Tampa, Fla., for appellee.

Before BELL, Circuit Judge, and CARSWELL, District Judge.*

PER CURIAM:

The District Court granted defendant-appellee's motion to dismiss this complaint predicating its holding upon the doctrine of *forum non conveniens* and alluding to the Act of State doctrine. This Court reversed the holding with respect to the applicability of each doctrine. (See opinion appearing in 311 F.2d 429.) Subsequently, the Supreme Court, 376 U.S. 779, 84 S.Ct. 1130, 12 L.Ed.2d 82, granted petition for writ of certiorari and vacated the judgment of this Court and remanded the case "for further consideration in the light of Banco Nacional de Cuba v. Sabbatino", 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804.

While the record here is clear that this complaint cannot be dismissed upon the doctrine of *forum non conveniens,* this Court is unable to determine from the record before it if there are factual differences which might distinguish the instant case from the specific issues raised in Banco Nacional de Cuba v. Sabbatino, supra, with respect to the Act of State doctrine. We conclude, therefore, that this case should be and is hereby remanded to the District Court to afford the parties opportunity to be heard upon development of such record as is found necessary by the District Court for its determination of the applicability of the Act of State doctrine to this complaint.

---

* Judge Cameron, the third Judge constituting the Court originally hearing this case, died before rehearing. Consequently, this decision and opinion is rendered by a quorum pursuant to Title 28 U.S. C.A. § 46(c) and (d).