## RICHARD A. CUNNINGHAM *vs.* ARDROX, INC.

No. 95-P-959.

Essex. March 7, 1996. - April 9, 1996.

Present: BROWN, GREENBERG, & FLANNERY, JJ.

*Jurisdiction,* Nonresident, Long-arm statute, Personal.

In an action brought by a Massachusetts resident against his former employer, a nonresident defendant, asserting a claim of age discrimination under 29 U.S.C. §§ 621-634, the Age Discrimination in Employment Act, the judge correctly dismissed the case for want of personal jurisdiction under G. L. c. 223A, § 3 (*d*), where the plaintiff did not show that the defendant caused tortious injury in Massachusetts by its acts committed outside of Massachusetts. [280-283]

CIVIL ACTION commenced in the Superior Court Department on September 14, 1994.

The case was heard by *Thayer Fremont-Smith*, J., on a motion to dismiss.

The case was submitted on briefs.

*Paul A. Manoff* for the plaintiff.

*Harrison A. Fitch & Joshua L. Simonds* for the defendant.

BROWN, J. The plaintiff, a Massachusetts resident, brought this action against his former employer, a nonresident defendant, in Superior Court, asserting a claim of age discrimination under 29 U.S.C. §§ 621-634 (1994), the Age Discrimination in Employment Act. Concluding that the plaintiff had failed to satisfy the literal requirements of G. L. c. 223A, § 3(*d*), a judge dismissed the case pursuant to Mass.R.Civ.P. 12(b)(2), 365 Mass. 755 (1974), for want of personal jurisdiction. We affirm.

The plaintiff bears the burden of establishing sufficient facts upon which to predicate personal jurisdiction over the defendant under the Commonwealth's long-arm statute. *Tatro* v. *Manor Care, Inc.,* 416 Mass. 763, 767 (1994). We accept as

true the uncontroverted allegations of fact taken from the materials before the motion judge. See *Heins* v. *Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG*, 26 Mass. App. Ct. 14, 16 (1988); *Kleinerman* v. *Morse*, 26 Mass. 819, 821 n.4 (1989).

The defendant, a manufacturer and seller of chemical products with markets in the United States, Canada, and Europe, is a Delaware corporation with corporate headquarters located in California. The defendant has never had any facilities or owned property in Massachusetts, or received any mail in the Commonwealth. No board of directors or shareholders meetings have been held in Massachusetts. None of the defendant's directors and officers resides in Massachusetts. The defendant advertises in a nationally circulated publication apparently distributed in Massachusetts. Massachusetts customers account for between one and five percent of the defendant's sales.

On July 13, 1987, the plaintiff was hired to be the plant manager at the defendant's Salem, New Hampshire, facility. On February 28, 1990, the plaintiff became the area sales manager for the defendant's electronic chemicals division.[1] On June 3, 1991, he was transferred to the defendant's Arlington, Tennessee, facility to be the plant manager.

On September 27, 1992, the plaintiff became the defendant's East Coast operations manager, working out of Chicago. In March, 1993, while living in Chicago, the plaintiff purchased a condominium in Newburyport, Massachusetts, with the intention of retiring there. The plaintiff informed the company president of his intention to return to Massachusetts "upon the completion of [his] employment with [the] defendant." In March, 1994, the plaintiff told the president and one of the defendant's vice-presidents that the plaintiff's wife would be moving to Massachusetts to establish legal residence there. Six weeks later, the plaintiff was terminated.

In determining whether a Massachusetts court may exercise personal jurisdiction over a nonresident defendant, we apply

---

[1]The plaintiff states in his affidavit (without specifying dates and locations) that he had "occasional business dealings in Massachusetts," visiting vendors who sold raw materials to the defendant. The plaintiff does not dispute the defendant's assertion that after the plaintiff's transfer to its Tennessee facility in June, 1991, his employment duties were unrelated to the defendant's Massachusetts customers.

a two-step analysis: (1) whether the plaintiff's assertion of jurisdiction is authorized by the long-arm statute, and (2) whether the defendant has the requisite minimum contacts with this State so that the exercise of personal jurisdiction is consistent with due process requirements. See *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 5-6 (1979); *Carlson Corp.* v. *University of Vt.*, 380 Mass. 102, 105 (1980). Jurisdiction is authorized only where the answer to both inquiries is yes. *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, *supra* at 6.

Here, the plaintiff relies solely on G. L. c. 223A, § 3(*d*), as a basis of jurisdiction.[2] To satisfy the first requirement of this statutory provision, the plaintiff must show that the defendant "caus[ed] tortious injury in [Massachusetts] by an act or omission [occurring] outside this [C]ommonwealth . . . ." G. L. c. 223A, § 3(*d*), as inserted by St. 1968, c. 760. See *Keds Corp.* v. *Renee Intl. Trading Corp.*, 888 F.2d 215, 218 (1st Cir. 1989). The plaintiff argues that due to the tortious act of the defendant in wrongfully discharging him, he suffered foreseeable "economic injury" in Massachusetts (his declared domicil) sufficient to meet the literal requirements of § 3(*d*).[3] We disagree.

Initially, we note that it is unclear from the record before the judge exactly where the plaintiff was terminated and what the circumstances were. At the time of his termination, the plaintiff was an operations manager working and living in Chicago, Illinois. He was discharged by Nik Mallard, a resident of Great Britain. The plaintiff lists other possible witnesses to the termination as Mallard's "senior" (a resident of Great Britain), two company vice presidents (residents of Georgia and Illinois), the president (a resident of North Car-

---

[2]General Laws c. 223A, § 3(*d*), as amended by St. 1969, c. 623, provides in relevant part: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . (*d*) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth . . . ."

[3]In his complaint, the plaintiff alleged that as a result of the loss of his employment, he "has incurred damages in the nature of lost earnings, and benefits." In his appellate brief, while stating that he suffered economic injury in Massachusetts, the plaintiff fails to elaborate on the nature of these injuries.

olina), and the personnel manager (a resident of California). In any event, it is undisputed that the defendant's allegedly tortious acts were committed outside of Massachusetts.

Without legal analysis, the plaintiff states that his domicil at the time of his termination was Massachusetts. As defined by the common law, a person's domicil is usually the place where the person dwells and which forms the center of his life. See *Dane* v. *Registrars of Voters of Concord*, 374 Mass. 152, 161-162 (1978). One does not acquire a new domicil until he gives up the old one. See *Levy* v. *Rent Control Bd. of Brookline*, 29 Mass. App. Ct. 976, 977 (1990) (mere intention to change residence without physical move does not operate to change or create domicil). Domicil is a question of fact. See *Teel* v. *Hamilton-Wenham Regional Sch. Dist.*, 13 Mass. App. Ct. 345, 349 (1982). Here, prior to his termination, the plaintiff was living in Chicago and, by his own admission, he intended to remain in that city an indeterminate time until his employment ended.

But even if we assume that Massachusetts was his domicil when he was discharged, the plaintiff, who it is undisputed was injured outside Massachusetts, must show "tortious injury in this Commonwealth" in order to establish jurisdiction under § 3(*d*) of the long-arm statute. See *Buckeye Assocs., Ltd.* v. *Fila Sports, Inc.*, 616 F. Supp. 1484, 1493 (D. Mass. 1985) (economic injury in Massachusetts may satisfy the requirement); *Keds Corp.* v. *Renee Intl. Trading Corp.*, 888 F.2d at 218. While manifestations, effects, and consequences of an out-of-State injury may be experienced in Massachusetts, they do not constitute "injury in this commonwealth" within the meaning of § 3(*d*). See *Crocker* v. *Hilton Intl. Barbados, Ltd.*, 976 F.2d 797, 800 (1st Cir. 1992), where, after the wife's rape at a Barbados hotel, the plaintiffs "convalesced in Massachusetts and suffered most of the effects of the out-of-state injuries in Massachusetts."

Here, while the plaintiff may have suffered after his discharge financially and otherwise upon his move from Chicago to his retirement home in Massachusetts, this does not mean that he was "injured in" Massachusetts. See *Walsh* v. *National Seating Co.*, 411 F. Supp. 564, 571 (D. Mass. 1976), in which the court rejected the contention of the plaintiff, a Massachusetts resident, that tortious injury occurred in Massachusetts because he received medical treatment and incurred

his medical expenses here after a bus accident in Maine, endured pain and suffering here, and suffered impairment to his future earning capacity here, The court stated at 571, "While it is undoubtedly true that plaintiff and his wife *suffered* in Massachusetts this does not mean they were injured here" (emphasis original). As the plaintiff is unable to satisfy the literal requirements of § 3(*d*) on the facts alleged, the judge properly declined to exercise personal jurisdiction over the nonresident defendant.

In light of our conclusion that the plaintiff failed to satisfy the first requirement of § 3(*d*), we need not discuss whether the defendant had sufficient contacts with Massachusetts to justify the exercise of personal jurisdiction over it. Nor is it necessary to address the other grounds of the judge's decision. See *Fay* v. *Federal Natl. Mort. Assn.*, 419 Mass. 782, 789 (1995); *Rosenfeld* v. *Board of Health of Chilmark*, 27 Mass. App. Ct. 621, 626 n.10 (1989).

*Judgment affirmed.*