Curtin, J.
This is a Dist./Mun. Cts. R.AD. A, Rule 8A expedited appeal by the third-party plaintiff, Famacar International Corporation (“Famacar”), of the allowance of the Mass. R. Civ. R, Rule 12(b) (2) motion to dismiss for lack of personal jurisdiction filed by third-party defendant McDonald’s Corporation.
The uncontroverted facts presented by the parties indicate that on January 16, 1996, plaintiff Jose Jiminian (“Jiminian”), a Massachusetts resident, was a commercial passenger in a van owned and operated by defendant Famacar which was transporting passengers from Massachusetts to New York. Famacar is a Massachusetts corporation. The van stopped at a McDonald’s restaurant in Cromwell, Connecticut, and Jimin-ian allegedly sustained personal injuries when he slipped and fell on an untreated ice patch in the McDonald’s parking lot Alleging that the van operator was negligent in parking the vehicle over the ice patch and Ming to warn the passengers, Jiminian commenced this action in the Lynn Division of the District Court Department
Famacar filed a third-party complaint for indemnification and contribution against both McDonald’s Corp. (“McDonald’s”) and McDonald’s of Cromwell. McDonald’s is a Delaware corporation with a principal place of business in Oak Brook, Illinois. McDonald’s is registered to do business in Massachusetts, maintains a local office in Westwood, Massachusetts, has designated a Boston corporation as its resident agent for service, derives revenue from the restaurants it has operated in Massachusetts without interruption since 1965, and files various tax returns with the Massachusetts Department of Revenue. McDonald’s owns the land in Cromwell, Connecticut where Jiminian’s accident occurred.[3]
*121 Noting that Jiminian’s action was a “premises liability” case, the trial court allowed McDonald’s motion to dismiss without prejudice for lack of personal jurisdiction, and a separate judgment was entered. McDonald’s of Cromwell did not file a Rule 12(b) motion.
1. A Massachusetts court may exercise “long arm” personal jurisdiction over a non-resident defendant only where such exercise is (1) authorized by statute and (2) consistent with the due process guarantees of the United States Constitution. Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979); Cunningham v. Ardox, Inc., 40 Mass. App. Ct. 279, 280-281 (1996). The plaintiff bears the burden of establishing the facts upon which an assertion of jurisdiction may be based. Droukas v. Diver’s Training Academy, Inc., 375 Mass. 149, 151 (1978); Connecticut Nat’l Bank v. Hoover Treated Wood Products, Inc., 37 Mass. App. Ct. 231, 233 (1994).
2. Section 3(a) of G.L.c. 223A authorizes the exercise of long-arm jurisdiction over a nonresident in an action “arising from the person’s: (a) transacting any business in this commonwealth.” Contrary to Famacar’s initial contention, “ [f] or jurisdiction to exist under 3(a), the facts must satisfy two requirements — the defendant must have transacted business in Massachusetts and the plaintiff’s claim must have arisen from the transaction of business by the defendant” Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). McDonald’s contacts with Massachusetts are substantial enough for a court to find that it transacts business within the Commonwealth, as is,evidenced by its tax return filings, resident agent designation, local corporate office and registration as a foreign corporation. Although no evidence was produced as to the volume of McDonald’s sales in Massachusetts or the number of its restaurant locations, it is clear that McDonald’s transacts business here.
Thus the dispositive issue on this appeal is whether the third-party action brought by Famacar, which derives from Jiminian’s tort claim, arises out of the business transacted by McDonald’s in Massachusetts. New Hampshire Ins. Guaranty Assn. v. Markem Corp., 424 Mass. 344, 347 (1997); Tatro v. Manor Care, Inc., supra at 767; Caso v. Lafayette Radio Electronic Corp., 340 F.2d 707, 711 (1st. Cir. 1966). The Supreme Judicial Court has adopted a “but for” causative factor analysis in determining whether a claim arises from a defendant’s transacting business in this Commonwealth. See Tatro v. Manor Care, Inc., supra, at 771. Famacar argues that McDonald’s transaction of business and extensive advertising in Massachusetts entice Massachusetts residents such as Jiminian to visit McDonald’s restaurants in other states, and that “but for” McDonald’s solicitation of business in Massachusetts, Jiminian would not have been injured at a McDonald’s parking lot in Connecticut. The nexus is slim at best. This is not a situation in which Jimin-ian and McDonald’s had a contractual relationship which arose out of McDonald’s solicitation of business in the State. Compare Id. at 771-772. The solicitation of business in Massachusetts by McDonald’s was not a causative factor in Jiminian’s fall on an untreated ice patch in a Connecticut parking lot. In short, Famacar has failed to sustain its burden of establishing that its claim arose out of McDonald’s transaction of business in Massachusetts as required by G.Lc. 223A, §3 (a).
Accordingly, there was no error in the trial court’s Rule 12(b) (2) dismissal of Famacar’s third-party complaint against McDonald’s Corp. The judgment of dismissal is affirmed, and the appeal is dismissed.
So ordered.

 There is an issue of fact as to whether McDonald’s or McDonald’s of Cromwell has control of the Connecticut restaurant and parking lot in question. The issue is irrelevant, however, to the question of jurisdiction.