Dortch-Okara, Barbara A., J.
This is an action by the plaintiff, MerlinOne, Inc., for declaratory and injunctive relief against the defendant, Shoom, Inc. Now before the court is the defendant’s motion to dismiss for lack of personal jurisdiction pursuant to *13 Mass.R.Civ.P. 12(b)(2). In support of its motion, the defendant argues that as a nonresident defendant, it lacks the requisite contacts with Massachusetts to satisfy the statutory and constitutional requirements for the exercise of personal jurisdiction. In opposition, the plaintiff asserts that the defendant sends daily electronic mail to Massachusetts businesses and solicited various companies located in the Massachusetts such that the exercise of jurisdiction over the defendant is permissible.
For the following reasons stated herein, the defendant’s motion to dismiss is ALLOWED.

BACKGROUND

The plaintiff is a Delaware corporation with a principal place of business in Quincy, Massachusetts. The defendant is a Delaware corporation with a principal place of business in California. The plaintiff and the defendant are direct competitors, engaged in a business generally known as electronic tearsheets.
Electronic tearsheet businesses, including the plaintiff and the defendant, electronically verify the publication of advertisements. The businesses compile digitized versions of advertisements and make such versions available to the publishers, advertisers, and advertising agencies via the Internet. Electronic tearsheet businesses, rather than the publication itself, send electronic mail messages (emails) to advertisers and advertising agencies containing electronic versions of the tearsheets. The defendant became involved in the electronic tearsheet business in 2000 and was one of the first entities to enter the market. The plaintiff followed the defendant into the electronic tearsheet market in 2001. Both the plaintiff and the defendant service thousands of advertisers throughout the United States. The defendant also has customers in Canada.
In conducting its business, the defendant contracts only with the publishers. Its interaction with advertisers is limited to sending emails to verify that the advertisers’ ads have been published. The defendant receives compensation for its services from the publications, not the advertisers. The defendant is engaged in business with no publisher or other client located in Massachusetts. In the past, it unsuccessfully solicited the business of The Cape Cod Times, The Nantucket Inquirer and Mirror, The Standard Times, and the International Data Group magazines in Framing-ham. The defendant does, however, send electronic tearsheets to businesses in Massachusetts which advertise in publications with which the defendant contracts. These businesses include, T.J. Maxx, Home Goods, Filene’s, Bob’s Stores, and Grossman’s Bargain Outlets. In addition to notifying advertisers of the publication of their advertisements, the defendant provides advertisers with billing information for the placement of advertisements or identifies where to find this information in its database. The defendant does not lease or own real property in Massachusetts, nor does it have a place of business in Massachusetts. Moreover, the defendant maintains no bank accounts in Massachusetts. The defendant does, however, maintain an Internet website which is accessible to residents of Massachusetts.
The plaintiff alleges that the defendant intentionally disseminated false information about the plaintiff to numerous publishers between April 2003 and August 2004, and published false and misleading statements on its Internet website and in other advertising materials. Specifically, the defendant allegedly made statements to newspapers in Colorado, Illinois, Arizona, and Louisiana that: (1) the plaintiffs electronic tearsheet system for The Boston Globe would not be fully operational until July 1, 2003; (2) all advertisers and agencies preferred the defendant’s system to other vendors of electronic tearsheets; (3) Time, Inc. was the defendant’s client; and (4) the plaintiff was owned in part by The Tribune Company, a large publisher of newspapers, and NSA, a national advertising agency. With respect to ownership of the plaintiff, the plaintiff alleges that this statement was particularly damaging because newspapers and other publishers are hesitant to furnish a company owned by another newspaper with their advertising information for fear that their proprietary information will become public. According to the complaint, these statements were made to newspapers when the newspapers were contemplating or negotiating to do business with the plaintiff.

DISCUSSION

I. Standard of Review

The plaintiff bears the burden of establishing sufficient facts upon which to predicate jurisdiction over a defendant when facing a motion to dismiss under Mass.R.Civ.P. 12(b)(2). Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978). In ruling on a motion to dismiss for lack of personal jurisdiction, the court must consider all relevant evidence proffered by the parties, including facts controverted by the defendant, and then “determine whether the plaintiff has met its burden of proof by a preponderance of the evidence.” Cepeda v. Kass, 62 Mass.App.Ct. 732, 739-40 (2004) (overturning trial court decision to dismiss claim for want of personal jurisdiction on the grounds that insufficient uncontroverted facts were presented upon which to base a determination of personal jurisdiction).

II. Massachusetts Longarm Statute

In order for the court to properly exercise jurisdiction over a nonresident defendant, two questions must be answered affirmatively; “(1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?” Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979). The Massachusetts longarm statute is codified in G.L.c. 223A, §3(a) - (g). Courts generally distinguish *14 between specific and general jurisdiction. Claire Tatro Manor Care, Inc., 416 Mass. 763, 772 n.6; see also Connecticut Nat’l Bank v. Hoover Treated Wood Prod., Mass.App.Ct. 231, 233 n.6 (1994). “Specific jurisdiction may be asserted where the cause of action arises directly out of, or relates to, the defendant’s forum-based contacts.” United Elec. Radio & Mach. Workers of America v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088-89 (1st Cir. 1992). General Laws c. 223A, §3(a) is grounded on specific jurisdiction. Tatro, 416 Mass, at 767. General jurisdiction, on the other hand, “exists when the litigation is not directly founded on the defendant’s forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.’’ Connecticut Nat’l Bank, 37 Mass.App.Ct. at 233, quoting United Elec. Radio & Mach. Workers of America 960 F.2d. at 1088. General Laws c. 223A, §3(d) is predicated on general jurisdiction.
The only section of the Massachusetts longarm statute applicable to the plaintiffs complaint against the defendant is G.L.c. 223A, §3(d).[1] General Laws c. 223A, §3(d) authorizes a court to exercise personal jurisdiction over a person as to a cause of action arising from the person’s:
causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.
The first element under §3(d) requires the plaintiff to demonstrate that the defendant’s act or omission caused a tortious injury inside Massachusetts. While “manifestations, effects, and consequences” of tortious acts outside the Commonwealth cannot be grounds for personal jurisdiction under §3(d), Cunningham v. Ardox, Inc., 40 Mass.App.Ct. 279, 282-83 (1996), “(o)ut-of-state wrongs that cause loss of sales or business opportunity” in Massachusetts are the type of tortious injuiy that satisfy the requirements of the longarm statute. Darcy v. Hankle, 54 Mass.App.Ct. 846, 850 (2002). Furthermore, “(ijf the out-of-state wrong [] causes shame, embarrassment, or loss of consortium in the forum State, that sort of injuiy constitutes the primaiy tortious injuiy in the forum State on which personal jurisdiction under G.L.c. 223A, §3(d) may rest.” Darcy, 54 Mass.App.Ct. at 850; see also Noonan v. Winston Co., 135 F.3d 85, 92 (1st Cir. 1998).
In this case, the plaintiff alleges it suffered tortious injuiy in the form of lost profits and reputational harm. While the plaintiff claims to have lost customers outside the forum state, the plaintiff also claims that the defendant’s statements harmed the plaintiffs relations with its Massachusetts customers. See Buckeye Assoc., Ltd. v. Fila Sports, Inc., 616 F.Sup. 1484, 1493 (1985) (holding that §3(d) was satisfied where plaintiff alleged that defendants interfered with its business relations with prospective customers in Massachusetts, and that this interference caused plaintiff lose sales). Personal jurisdiction is proper where, as the present case, “the out-of-State wrong rather like missile, sailed over State borders to the forum State where it inflicted predictable tortious injuiy.” Darcy, Mass.App.Ct. at 851. The defendant could reasonably foresee that making allegedly false and mislead-statements about the plaintiff would cause it to suffer economic and reputational harm in Massachusetts. Id. at 851. Thus, the plaintiff satisfied its burden pleading sufficient facts to show that the defendant caused tortious injuiy in the Commonwealth by acts outside the Commonwealth.
Proceeding to the second prong of the analysis, to fulfill the requirements of G.L.c. 223A, §3(d), the plaintiff must show that the defendant: (1) does business or solicits business in Massachusetts; (2) engages in some other persistent course of conduct in Massachusetts; or (3) derives substantial revenue from goods used or consumed or services rendered, in Massachusetts. Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG., 26 Mass.App.Ct. 14, 20 (1988).
Here, the plaintiff cannot establish that the defendant “does or regularly solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods or services rendered, in this commonwealth." G.L.c. 223A, §3(d). To perform its obligations to publishers throughout the United States, the defendant electronically notifies advertisers located in Massachusetts of the placement of their ads in such publications; however, this is done on behalf of the publishers. There is no two-way contact between the defendant and the Massachusetts companies. Such activity does not amount to communication or correspondence by the defendant with Massachusetts businesses for purposes of establishing personal jurisdiction. Cf. Telco Communications, Inc. v. New Jersey St. Fireman’s Mut. Benevolent Assn., 41 Mass.App.Ct. 225, 231 (1996) (provision of longarm statute not met where contact between parties in a breach of contract action consisted of telephone and other communications and the faxing of drafts of contracts to Massachusetts which were largely about operations in New Jersey). Thus, the defendant’s contact with Massachusetts businesses is “incidental” to these business of servicing its clients, none of whom is located in Massachusetts. Accordingly, emailing Massachusetts businesses to verify the appearance of their advertisements in publications located throughout the United States does not warrant the extension of personal jurisdiction over the defendant.
Contrary to the plaintiffs assertion, the isolated and unsuccessful attempts of the defendant to solicit a limited number of publishers in Massachusetts is not sufficient to give rise to jurisdiction within the Commonwealth. See Tatro, 416 Mass. at 768-69 (stat *15 ing that purposeful and successful solicitation of business from Massachusetts residents satisfies longarm statute and finding personal jurisdiction where defendant solicited and obtained business from at least ten Massachusetts businesses other than plaintiff). The record contains no evidence that the defendant is engaged in ongoing advertising aimed at expanding its business to Massachusetts. Cf. Gunner v. Elmwood Dodge, Inc., 24 Mass.App.Ct. 96, 99-100 (1987) (Rhode Island automobile dealer’s persistent advertising efforts, both print and electronic, for the purpose of cultivating business in Massachusetts sufficient to constitute transacting business within longarm statute); Noonan v. Winston Co., 135 F.3d at 92-93 (defendant solicited business for purposes of longarm statute where over two-year period, defendant’s employees telephoned, faxed, and wrote businesses in Massachusetts and traveled from England to further business relations in Commonwealth). For purposes of the Massachusetts longarm statute, the defendant does not solicit business in Massachusetts. G.L.c. 223A, §3(d).
The additional facts upon which the plaintiff relies are similarly insufficient to establish personal jurisdiction over the defendant. In the absence of specific and detailed figures, the plaintiffs blanket assertion that the defendant derives substantial revenue from business within the Commonwealth under §3(d) is without merit. Keds Corp. v. Renee Int’l Trading Corp., 888 F.2d 215, 219 (1st Cir. 1989). Further, the defendant’s maintenance of a web site which is continuously accessible to Massachusetts residents, as well as residents of every other state, is not sufficient to bring the defendant under the jurisdiction of the Commonwealth.
The plaintiff failed to satisfy its burden under G.L.c. 223A, §3. In light of this conclusion, the court need not discuss whether requiring the defendant to appear in a Massachusetts court accords with “fair play and substantial justice” under International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945).

ORDER

It is therefore ORDERED that the defendant’s motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(2) is ALLOWED.

 The plaintiff argues that G.L.c. 223A, §3(a) also provides a statutory basis for its claims. Because the plaintiff does not allege that its tort-based claims against the defendant arise out of, or relate to, the defendant’s Massachusetts contacts, §3(a) does not provide a proper basis for jurtsdiction in the Commonwealth.