Tucker, Richard T., J.
This matter came on for hearing upon defendant Charlotte Skevington’s (Skevington) Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(2) (lack of jurisdiction over the person) and 12(b)(3) (improper venue). The plaintiff opposes said motion and states affirmatively that jurisdiction is proper pursuant to the Massachusetts “Long-Arm” Statute, M.G.L.c. 223A, §3.
From the Amended Complaint of Skevington, mem-oranda of counsel for both parties as well as the argument of counsel, I find and rule as follows.
APPLICABLE STANDARD
A motion to dismiss or for judgment on the pleadings, by its very nature, “argues that the complaint fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002) quoting J.W. Smith & H.B. Zobel, Rules Practice §12.16 (1974). In considering such a motion the allegations of the Complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor are to be taken as true. Nader v. Citron, 372 Mass. 96, 98 (1977). In pleading a case, however, a plaintiff may not assert legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). “While a complaint attacked by a... motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitlement to relief required more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). In short, a Complaint must contain, to prevent a motion to dismiss, ’’allegations plausibly suggesting (not merely consistent with) an entitlement to relief." Id.
FACTUAL FINDINGS
I make the following findings of fact from the plaintiff s Amended Complaint, accepting the same to be true and draw all reasonable inferences therefrom in the plaintiffs favor. Nader v. Citron, 372 Mass. 96, 98 (1977).
(1) The plaintiff Maurice Dew (Dew) is 85 years of age and suffers from medical conditions including dementia.
(2) Dew has two daughters, Skevington and Deborah King (King).
(3) Dew came under the care of Skevington in 2007. Dew resided at Skevington’s home in New Jersey for a period of nine months in 2007 and 2008.
(4) In August of 2008, Dew moved to a mobile home in Shirley, Massachusetts.
(5) Dew, through a duly appointed guardian, alleges that while in New Jersey Skevington sold Dew’s Florida home and failed to account for the proceeds, converted his cash assets and other assets, liquidated his stock and mutual fund accounts without accounting for the proceeds and prevailed upon him to execute a power of attorney and will naming Skevington as his fiduciary.
(6) Shortly after relocating in Shirley, Massachusetts, Dew suffered a fall and was, after initial treatment, placed in the Keystone Nursing and Rehabilitation Center in Leominster, Massachusetts.
(7) A neighbor of Dew’s, Lucille Moran, observed Skevington twice enter Dew’s Shirley, Massachusetts home in 2008 and, on the second occasion, saw Skevington leave the premises with a television and a plastic bag of unknown contents from the shed.
*162 DISCUSSION
In order for this court to exercise personal jurisdiction over Skevington, a New Jersey resident, there must be a two-fold inquiry: (1) whether jurisdiction is authorized by the statute, G.L.c. 223A, §3 and (2) if authorized, does the exercise of that jurisdiction comport with the basic due process requirements mandated by the United States Constitution? Good Hope Industries Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979); Connecticut National Bank v. Hoover Treated Work Products, 37 Mass.App.Ct. 231, 233 (1994). The answer to both inquiries must be affirmative and even if jurisdiction is constitutionally acceptable, the specific circumstances of the case must come within one of the specific provisions of G.L.c. 223A, §3 for jurisdiction to exist. Burtner v. Burnham, 13 Mass.App.Ct. 158, 161-62 (1982). Further, the plaintiff bears the burden of establishing by sufficient factual allegations that personal jurisdiction over the defendant under the Long-Arm Statute exists. Cunningham v. Ardrox, Inc., 40 Mass.App.Ct. 279, 281, 282 (1996); Hood v. American M.A.N. Corp., 20 Mass.App.Ct. 937, 939 (1985).
Here Dew, now a resident of Shirley, Massachusetts, seeks jurisdiction to be exercised over a New Jersey resident, Skevington, for acts committed while Dew was in her care in New Jersey.
Constitutionally,
[t]he governing principle is the fairness of subjecting a defendant to suit in a distant forum. Only if the nonresident defendant has such “minimum contacts” with the state “that the maintenance of the suit does not offend ‘traditional notions of fair play and justice,’ ” International Shoe Co. v. Washington, 326 U.S. 310 (1945), or if the defendant has performed some act “by which [it] purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws,” Hanson v. Denckla, 357 U.S. 235 (1958); McGee v. International Life Insurance Co., 355 U.S. 220 (1957), may the forum, consistently with due process, extend its long arm to embrace it.
Good Hope Industries, Inc., 378 Mass, at 7. (additional citations omitted)
Upon this motion record, it cannot be found that Skevington had the minimum legal contacts with Massachusetts necessary to meet the constitutional due process requirements. See Morris v. UnumLife Ins. Co., 66 Mass.App. 716, 721-22 (2006); Ureneck v. Yingnong, 2002 Mass.App.Div. 141, Larchmont Engineering & Irrigation, Inc. v. Jade Realty Corp., 1996 Mass.App.Div. 186. Compare Nile v. Nile, 432 Mass. 390 (2000).
Additionally the facts do not reveal that Skevington’s actions come within one of the specific subsections of G.L.c. 223A, §3. Plaintiffs Amended Complaint, which sounds primarily in conversion, attempts to bootstrap all of the claims for actions committed in New Jersey upon the single statement that Skevington was observed in Massachusetts removing a plastic bag with contents and a T.V. from Dew’s premises. Nothing further is pleaded concerning this act. Nonetheless plaintiff argues that personal jurisdiction may be exercised over Skevington for causing, by this act, “tortious injury by an act or omission in this Commonwealth”; G.L.c. 223A, §3(c). This act, would not however, by itself, confer Massachusetts jurisdiction over Skevington for all of her alleged New Jersey actions. Moreover there are no facts pleaded which would lead one to conclude, even accepting the averments as being true, that Skevington’s removal of the large plastic bag and television is wrongful.
The plaintiff has failed to establish Long-Arm Jurisdiction over Skevington pursuant to G.L.c. 223A, §3.
ORDER
For the above stated reasons the Defendant’s Motion to Dismiss is ALLOWED.